## BRANSFORD ET AL. v. THE NORWICH UNION FIRE INSURANCE SOCIETY.

1. AMENDMENTS—DISCRETION.

When it is apparent from the record that the facts alleged in an amended answer were as well known to the defendant and his attorney at the time of filing the original answer as they were at the time at which the amended answer was prepared and tendered, the court may, in its discretion, in the absence of a valid excuse for not presenting the defense at the time of filing the original answer, refuse permission to file the amended answer.

2. SAME.

If an amended answer constitutes no defense to the action, leave to file the same may be properly refused.

*Appeal from the County Court of Pitkin County.*

Mr. W. W. COOLEY and Mr. H. W. CLARK, for appellants.

Mr. EDWARD C. STIMSON, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The Norwich Union Fire Insurance Society, a corporation

engaged in conducting a general fire insurance business within the state of Colorado and elsewhere, appointed one John D. Bransford as its agent at Aspen. Bransford was authorized to solicit and place insurance and receive premiums therefor. At the time he was appointed he executed a bond for the faithful discharge of his duties, which bond is as follows·

"Know all men by these presents, that we, John D. Bransford, R. C. Wilson and E. W. Fleming are held and firmly bound unto The Norwich Union Fire Insurance Society, of Norwich, England, its successors and assigns, in the sum of one thousand dollars, lawful money of the United States of America, to be paid to the said The Norwich Union Fire Insurance Society, for which payment well and truly to be made, we bind ourselves, our heirs, executors and administrators firmly by these presents, sealed with our seals, dated at Aspen, Colo., the 20th day of Jan'y, one thousand eight hundred and eighty-seven.

"The condition of this obligation is such, that if the above bounden John D. Bransford shall faithfully perform his duties as agent of the said The Norwich Union Fire Insurance Society for Aspen, Colorado, and vicinity, and shall duly and punctually account for and pay over to the said The Norwich Union Fire Insurance Society, at its agency in the city of New York, the premiums and moneys collected by him for insurance of risks taken by the said The Norwich Union Fire Insurance Society, then the above obligation to be void, otherwise to remain in full force and virtue. It being understood, and this obligation is received by the said society upon the express condition, that any leniency shown by the society to said agent shall not relieve the sureties from their obligation, and that it is to be construed as to the liabilities of the obligors thereunder in the same manner to all intents and purposes as if it had been made in the state of New York.

"JOHN D. BRANSFORD.    [SEAL.]
"R. C. WILSON.    [SEAL.]
"E. W. FLEMING.    [SEAL.] "

It is alleged in the complaint and shown by undisputed testimony at the trial that the defendant Bransford, while such agent, collected for his principals the sum of $129.95 as premiums, which he failed to pay over, but wrongfully converted and appropriated to his own use. Plaintiff demands judgment for this amount against Bransford and his sureties upon the foregoing bond.

On the 27th day of August, 1890, the defendants Wilson and Fleming appeared and filed a general denial. On the 12th day of November following, Bransford appeared and answered. By this answer he admits the allegation of the complaint with reference to the amount involved in the action, the organization of the plaintiff company and his employment as its agent. He further admits the making and delivery of the bond set out. All other allegations of the complaint are denied. Thereafter the defendant Bransford moved the court for permission to file what he terms a "supplemental answer," but which is more properly speaking an amended answer, and in support of such motion he presented his affidavit. It appears from the record that this answer and affidavit were prepared on the 14th day of February, 1891. It does not definitely appear at what time application was made to the court for leave to file this pleading, but presumably at its next sitting, in the month of March, shortly before the case was reached for trial. The court refused to allow the amended answer to be filed, and the case was tried to the court without the intervention of a jury upon the original pleadings. This trial resulted in a judgment for plaintiff for the amount claimed.

The errors assigned may properly be considered upon the ruling of the court denying permission to file the amended answer tendered. It is apparent from the record that the facts alleged in this pleading were as well known to the defendant and his attorney at the time of filing the original answer on the 12th day of November, 1890, as they were at the time at which the amended answer was prepared and tendered. No valid excuse being given for not presenting this

defense at the time of filing the original answer, the court might properly in its discretion have refused permission to file the same for this reason.

But aside from this, the answer tendered constituted no defense to the claim of plaintiff. By this answer it appears that the defendant Bransford was the agent at Aspen of a large number of insurance companies, and it is alleged that after his failure to pay over the premiums due to the plaintiff and other companies, he gave a bill of sale of his insurance agency at Aspen, conveying and assigning to them all of his insurance business, the consideration recited in this bill of sale being that the purchasers should take charge of the agency and sell the same to the best advantage of all parties, the proceeds to be applied to the payment of the indebtedness of the defendant Bransford to the companies, *pro rata.*

The defendant further alleges that the value of the insurance business so turned over under the bill of sale was greater than all his indebtedness then owing to the companies represented in the agreement, the same being of the value of six thousand dollars. The answer also contains an agreement of some twenty-four insurance companies among themselves. Neither of the appellants was a party to this latter agreement. The defendant further alleges that after the transfer of his business to the companies as aforesaid, they sold the same for the sum of $2,503.17. It is not claimed that this money was not applied in strict accordance with the terms of the contract between the defendant and the companies as evidenced by the bill of sale, but it is alleged that the companies did not sell the business for the best price that could be obtained therefor.

This answer is defective in the following among other particulars :

It does not seek to make all the parties to the bill of sale parties to this action ; it does not allege what sum might have been realized from a sale of the business, the allegation in this behalf being that the sum obtained, viz. $2,503,17, was not the best price that could be obtained therefor. This is

not inconsistent with the idea that the difference between the price realized and the price that could be obtained was merely nominal, and not worthy of consideration.   Moreover, it is apparent from the nature of the business and from the terms of the agreement that the insurance companies were not bound to sell the agency for the highest price that could be realized for the same, without reference to the character of the purchaser.   It was to be sold to the best advantage of all concerned, and in the selection of a purchaser the companies had a right to take into consideration the character of such purchaser and whether or not he was qualified by experience, ability and fidelity, to properly represent the companies in the important business of taking risks for and on their behalf in the town of Aspen aforesaid.

For these reasons the application to file the pleading denominated a " supplemental answer" was properly refused. There being no dispute as to the amount, the judgment will be affirmed.

*Affirmed.*