## No. 10,434.

### ANDREW v. THE BENIGHT-LATCHAM CARPET CO.

Decided December 4, 1922.   Rehearing denied January 8, 1923.

Action for injunction and damages.    Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. PLEADINGS—*Amended, Delay in Tendering.*   Where an amended answer was not tendered until the cause had been at issue some nine months, and no reason was shown why the facts set up were not pleaded originally, it is held that there was no abuse of discretion on the part of the trial court in denying leave to file the amended pleading.

2. APPEAL AND ERROR—*Demand for Jury.*   Where it does not appear that any motion or demand for a jury was ever made, error predicated on the failure of the trial court to submit the issues to a jury, is overruled.

3. *Objections to Evidence—Should be Specific.*   General assignments of error based on rulings of the trial court in the admission of evidence, will not be considered on review.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. WILLIAM H. ANDREW, for plaintiff in error.

Mr. S. R. ROBERTSON, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error filed its complaint alleging that it had employed the defendant to superintend certain alterations in a building recently rented by it; that he had collected from the plaintiff sums as paid out to mechanics

on said work in excess of the sums actually paid; and, upon learning that fact, plaintiff discharged him, and took possession of the building; that immediately thereafter he broke into the building and resumed and retained possession of it by force, thus delaying the work of alteration of said rented premises. Plaintiff prayed for an injunction restraining the defendant from withholding possession from the plaintiff, and for damages because of the defendant's acts as aforesaid. Answer was filed July 9, 1921, and on October 22d defendant's attorney served notice upon plaintiff that on the 24th of October he would ask that the cause be set for trial. Several continuances of the case followed, and it was finally tried to the court on May 2d, and judgment entered for the plaintiff. A restraining order had theretofore been issued, and plaintiff had been put in possession of the premises. On April 18, 1922, defendant tendered for filing an amended answer, as appears by the record, but the record shows nothing as to what was done by the court in regard to it. On April 25th, a notice was filed in the cause to the effect that on that day counsel for defendant would apply to the court to reset the case for trial, and for a jury.

The record contains nothing further on the question of resetting. The matter is now before us on error. Counsel contends that the court erred in rejecting his tendered amended answer; in not granting a jury trial; and in receiving evidence over defendant's objection. Waiving the fact that the record does not fairly present either the question of the right to file the amended answer, or the right to a trial by a jury, it is sufficient to say that the amended answer was not tendered until the cause had been at issue some nine months, and the affidavit in support of the motion to amend shows no reason why the facts set up in the amended answer were not pleaded originally. The affidavit appears to charge negligence upon the part of the attorney who filed the original answer. It cannot be said that the court abused its discretion, if it did deny leave to file the amended answer.

As to the demand for a jury trial, the same conclusion is appropriate. Counsel for defendant in error rely upon the rule of the district court that if a jury trial is not demanded upon moving to set for trial, it is waived. Inasmuch, however, as that rule is not before us, we cannot consider it. On the record as it stands, no action of the court appearing upon this notice, and it not appearing, in fatc, that any motion or demand was ever made, it cannot be said that the court erred in this particular.

The third error assigned is in the admission of evidence, but the assignment is in general terms, and in counsel's brief it is only objected that leading questions were permitted and hearsay evidence admitted. No particular evidence is mentioned as being erroneously admitted. Under the established practice, we cannot consider such an assignment of error.

There being no error apparent in the record, the supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.