No. 23163.

JOE BOBRICK, INDIVIDUALLY, AND NORTON BOSLOW, INDIVIDUALLY, AND BOTH DOING BUSINESS AS JO-AL SHOE DEPARTMENTS, A COLORADO PARTNERSHIP v. JUDGE ROBERT SANDERSON, AND THE DISTRICT COURT IN AND FOR THE CITY AND COUNTY OF DENVER.

(432 P.2d 242)

Decided October 9, 1967.

BRENMAN, CIANCIO, ROSSMAN & BAUM, MARTIN ZEROB-NICK, for petitioner.

LITVAK and LITVAK, for respondents.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

PETITIONERS seek relief in this court from an order of Respondents which denied Petitioners leave to amend their answer to assert a Counterclaim in Case No. B-99664 in the District Court. It is asserted that the trial judge abused his discretion and exceeded his jurisdiction because:

(a) Both sides had informed the court that the Counterclaim would not delay the trial or cause a postponement thereof;

(b) That under R.C.P. Colo. 13 this was a "Compulsory Counterclaim" which ripened after the commencement of the District Court action; and,

(c) That R.C.P. Colo. 15 (a) provides in pertinent part that in this situation "* * * a party may amend his pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires.*" (Emphasis added.)

On the basis of the original petition we issued a Rule

48

To Show Cause; a response has now been filed and the matter is at issue.

■ Rule 15(a), as quoted, makes liberal provision for the amendment of pleadings. In the instant case a showing was made to the trial court by Petitioners that the filing of the Counterc'aim would not delay the trial or cause a postponement thereof and that the other side did not object thereto at that time. In addition, the fact that this is a Compulsory Counterclaim means that if the trial court's order is sustained then no possible future relief can be granted these Petitioners and they will be barred from having their claim heard. Such is not the purpose of our rules.

■ Under the facts presented we hold that the trial court abused its discretion in denying Petitioners leave to amend their pleadings.

The Rule is made absolute and the cause is remanded with directions to permit the amendment in question.

Mr. Justice Hodges not participating.