575 P.2d 443 (1978)
Hobart B. BROWN, Evelyn I. Brown, d/b/a Brown Sand and Gravel, Plaintiffs-Appellees,
v.
Richard SCHUMANN, d/b/a Schumann Concrete, Craig Schumann, Defendants, and
Capp Homes, Inc., Garnishee-Appellant.
No. 76-762.
Colorado Court of Appeals, Div. II.
January 26, 1978.
*444 Walrod & Wall, Alvin R. Wall, Holyoke, for plaintiffs-appellees.
Wells, Love & Scoby, Terry W. Scoby, Boulder, for garnishee-appellant.
SMITH, Judge.
Garnishee, Capp Homes, Inc., appeals a judgment entered against it under C.R.C.P. 103, in the amount of $2,604. We reverse.
The appellant made a loan to Donald and Linda Koester, which was secured by a deed of trust on the Koester property. The loan proceeds were to be disbursed to the Koesters in increments, as they incurred expenses for the construction of their home on the secured property. The Koesters engaged a contractor, Schumann Concrete Company, to do concrete work on the home. The plaintiffs-garnishors, the Browns, were the holders of a judgment entered against Richard Schumann, of Schumann Concrete Company, in the amount of $2,604.34.
On March 25, 1976, the Browns served a garnishee summons on Capp Homes in an attempt to satisfy this judgment. The following day, pursuant to the loan agreement with the Koesters, Capp Homes issued a check for $3,048.40, naming Donald Koester and Schumann Concrete as payees. Thereafter, on April 5, 1976, Capp Homes answered the two interrogatories contained in the garnishee summons. The first question asked whether Capp Homes, on the day the writ was served, owed the judgment debtor, Schumann, any wages, commissions, moneys, credits or checks. The accounting manager for Capp Homes checked the box marked "no," and added the comment: "A customer of ourswho purchased one of our homesowes Mr. Schumann some money." The second question asked whether Capp Homes on the date of the serving of the writ had "any checking accounts, savings accounts, or other deposits or any credits, effects, debts, choses in action, money, escrows, or other personal property of the judgment debtor(s) in [its] possession or under [its] control." Here the box marked "yes" was checked, but no comments were written, despite a directive that those people answering "yes" explain themselves.
On April 6, the Browns apprised Capp Homes that they intended to seek judgment against Capp Homes as garnishee; and on April 20, the Browns notified Capp Homes that a hearing on their motion for judgment would be held on May 3, 1976.
On April 29, 1976, Capp Homes filed an amended answer to the original writ of garnishment, in which it sought to change its second answer to "no." In this answer, Capp Homes also stated: that it had at no time been indebted to Schumann Concrete; that it believed a named third party, Donald Koesterand possibly other third partiesmight have a claim against Schumann Concrete; and that it claimed a set-off against Schumann for all potential liabilities flowing from materialmen's liens against that property for which Capp Homes held a deed of trust. The trial court never expressly ruled on the propriety of the amended answer.
After the May 3 hearing, in which Capp Homes pursued its contention that the original answer had been a mistake and that the amended answer represented its position, the trial court entered a judgment in favor of the Browns and against Capp Homes, basing the same on Capp Homes' original answer, wherein it admitted that it had been in possession of "personal property" owned by Schumann Concrete.
On appeal, Capp Homes attacks many points which go to the merits of the case, but these all revolve around the single contention that the trial court abused its discretion in not allowing and considering the Capp Homes' amended answer.

*445 Amended Answer

The hearing on Brown's motion for judgment, based on the original answer, followed an unusual course. The court took testimony on the merits of some of the issues raised by the amended answer before it concluded that Capp Homes was liable on the basis to its original admission. The court never ruled on the propriety of filing the amended answer, though the result speaks for the proposition that the motion seeking to file the same was denied. In essence, the court appears to have viewed the garnishment interrogatories as being in the nature of strict code pleadingsonce admitted, all but impossible to deny.
We note initially that under the scheme set forth in C.R.C.P. 103, a writ of garnishment may result in an order directing the garnishee to pay in one of two ways. Such an order may be entered if the garnishee admits in his answer that he is indebted to the defendant or has the defendant's property in his control or it may be entered if he denies indebtedness or control and this is successfully controverted at trial. See Bragdon v. Bradt, 16 Colo.App. 65, 64 P. 248 (1901). Because of the mutual exclusivity contemplated by this scheme, if we were to conclude that the answer here could not properly have been amended, those portions of the record which deal with the merits of this caseincluding any weaknesses that we perceive in themwould be irrelevant, and Capp Homes' liability would be concluded.
Although Rule 103 is silent as to whether answers filed to a writ of garnishment may be amended, there is some general guidance in the case law.
"At any time prior to final judgment, where it is made to appear that the garnishee has, through inadvertence or otherwise, failed to state in his answer facts which are material and which have been wholly omitted, ordinarily the garnishee's answer may be amended and amendments should be liberally allowed."
General Accident Fire & Life Assurance Corp. v. Mitchell, 120 Colo. 531, 211 P.2d 551 (1949).
The Mitchell case, however, dealt with amending an answer for clarification, not with the propriety of an amended answer which flatly contradicts the original. We note, however, that in Welbourne Development Co. v. Affiliated Clearance Corp., 28 Colo.App. 313, 472 P.2d 684 (1970), the court dealt with the contested issues from the unspoken premise that the garnishee's true position was contained in his amended answerwhich had largely contradicted the original.
As with most pleadings and writings in the nature of pleadings, the purpose of justice is best served not by treating originals as sacrosanct, but rather by permitting the parties to ensure that the issues, as ultimately framed, represent the parties' true positions. See Moses v. Moses, 180 Colo. 397, 505 P.2d 1302 (1971) (amendments permitted to responses to requests for admissions); C.R.C.P. 4(j) (amendment to process or proof of service permitted); C.R.C.P. 15 (amended and supplemental pleadings permitted).
In all of these instances, the guiding principle is that where the adverse party has not changed his position based on the original answer, the court, in its discretion, should freely grant amendments. See Moses, supra. We adopt this principle here.
Our question then, devolves to one of whether the trial court abused its discretion. We rule that it did. Ordinarily, matters of trial court discretion regarding pleadings will not be disturbed on appeal. Palmer Park Gardens, Inc. v. Potter, 162 Colo. 178, 425 P.2d 268 (1967). But where, as here, the inability to amend would entirely foreclose the requesting party's case, see C.R.C.P. 103(j), and where the opposing party could show no prejudice to his case from the proposed amendment (other than the "prejudice" of having the garnishment determined on its merits), and where no prejudice to the court itself was evident from the record, we hold that the trial court abused its discretion in ignoring the garnishee's amended answer. See Bobrick v. Sanderson, 164 Colo. 46, 432 P.2d 242 (1967); Moses, supra.
*446 The garnishor takes the position that the trial court did in fact, take the amended answer into consideration and conclude the parties' rights on the merits of the issue. This is not so. The court's judgment is couched in terms which leave no doubt that the court viewed Capp Homes as being bound by its original answer. Furthermore, the testimony at the hearing concentrated heavily on whether the original answer was likely to have been the product of mistake. The other issues raised by Capp Homes' amended answerthat there was no debtor-creditor relationship between the garnishee and the judgment debtor nor any control of the latter's property on the date of the original writ; that a named third party might have had a right to any of the judgment debtor's property; and that, if the garnishees were liable, it was entitled to a set-offappeared to have taken a back seat at the hearing.
The judgment is reversed and the cause remanded with instructions that the trial court consider the garnishee's amended answer as well as the original answer in determining the issue.
SILVERSTEIN, C. J., and ENOCH, J., concur.