**K–R FUNDS, INC., Ontario, a limited partnership, Plaintiff-Appellee,**

v.

**S. Ross FOX, Defendant-Appellant.**

**No. 80CA0003.**

Colorado Court of Appeals,
Div. I.

Nov. 5, 1981.

Rehearing Denied Dec. 10, 1981.

Lamm & Schader, Robert K. Schader, Houston Lee Morrow, Boulder, for plaintiff-appellee.

J. Lorin Yeates, Sartore, Hoyt & Graveley, William J. Graveley, Denver, for defendant-appellant.

STERNBERG, Judge.

The determinative issue in this appeal is whether, under the facts presented, the trial court abused its discretion in denying a defendant leave to amend an answer so as to assert potentially valid affirmative defenses. We hold that there was an abuse of discretion in this regard and, therefore, reverse the judgment entered against the defendant and remand the cause for a new trial.

The defendant, S. Ross Fox, a resident of the state of Washington, subscribed to a limited partnership drilling fund of plaintiff K–R Funds, Inc., a Colorado corporation, in 1969. Because of other financial problems, Fox filed a petition in bankruptcy in Washington in 1973, but did not list the indebtedness which is the subject of this suit assertedly because he felt that he had no personal financial liability in this matter. He was discharged in due course.

On June 25, 1975, just prior to the running of the statute of limitations on its claim against Fox, K–R Funds, Inc., filed this suit to recover some $87,000 allegedly due under the subscription agreement. Proceeding through counsel no longer involved in this case, Fox filed a general denial of the allegations in the complaint. By agreement of counsel, this suit was delayed in order to allow Fox time to seek to reopen his bankruptcy action to amend the schedule of debts and thereby discharge any obligation to K–R Funds. The bankruptcy court in Washington subsequently denied leave to reopen, and this suit became active again.

Trial was set for April 14, 1978, but on March 10, 1978, Fox moved that the trial date be vacated, and for leave to amend his pleadings to raise certain affirmative defenses. The trial judge to whom the case was then assigned denied the motion to

amend because it was late; however, he granted the motion to vacate the trial date and set trial for October 30, 1978.

Prior to this date that trial judge retired, the case was assigned to a second judge, and trial did not actually proceed until September 12, 1979. At that time, Fox again sought to amend his answer but the court denied the motion, believing that it was bound by the first judge's order in that regard. We do not agree that the first judge's ruling bound the second under the facts present here. *See Sunshine v. Robinson*, 168 Colo. 409, 451 P.2d 757 (1969); *Denver Electric & Neon Service Corp. v. Phipps*, 143 Colo. 530, 354 P.2d 618 (1960). *See also Moon v. Platte Valley Bank*, Colo. App., 634 P.2d 1036 (1981). *Compare* C.R.S. 1963, 37–4–17 *with* § 13–5–132, C.R.S.1973.

The trial proceeded to the court during which Fox attempted to introduce evidence tending to prove his affirmative defenses. Based on K–R Funds' continuing objections that the evidence could not be received because it related to affirmative defenses not pled, the court refused to consider such evidence. The court did note that this evidence "would appear to be a complete defense of the plaintiff's claim." At the conclusion of this non-jury trial the court entered judgment in favor of K–R Funds in the amount of $82,332.50.

We agree with the trial court that the defenses in question are affirmative in nature, and therefore, absent special pleading, C.R.C.P. 9(c) would prohibit receipt of evidence tending to prove them. However, we hold that the first judge erred in not exercising his discretion to permit Fox to amend his answer to plead these affirmative defenses properly.

■ Generally speaking, allowing pleadings to be amended is a matter within the discretion of a trial court, not to be disturbed unless an abuse thereof is demonstrated. *Coon v. Guido*, 170 Colo. 125, 459 P.2d 282 (1969). However, "the purpose of justice is best served by not treating [original pleadings] as sacrosanct, but rather by permitting parties to ensure that the issues, as ultimately framed, represent the parties'

true positions." *Brown v. Schumann*, 40 Colo.App. 336, 575 P.2d 443 (1978). And, C.R.C.P. 15(a) provides that with respect to amendments "leave shall be freely given when justice so requires it." *See Platte Valley Motor Co. v. Wagner*, 130 Colo. 365, 278 P.2d 870 (1954). Only if the opposing party can demonstrate prejudice to it (other than having the case resolved on its merits) or if the court itself is prejudiced is the denial of a motion to amend an appropriate exercise of discretion. *See Bobrick v. Sanderson*, 164 Colo. 46, 432 P.2d 242 (1967).

■ Here, no prejudice to the court appears: A new trial date, some seven months after denial of the motion to amend, had been set. And, the essential facts relating to the affirmative defenses appeared in Fox's answers to interrogatories filed in 1976. Thus, because it was aware of the evidentiary facts behind the affirmative defenses, the record demonstrates no prejudice to K–R Funds. Raising of these affirmative defenses would have allowed the court to have considered issues of substance going to the heart of this suit. Consequently, we hold that the first trial judge abused his discretion in not permitting the filing of an amended answer.

Because of our disposition of this appeal, it is not necessary to address the other issues raised.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

COYTE and PIERCE, JJ., concur.