**EAGLE RIVER MOBILE HOME PARK, LTD. a Colorado limited partnership, Petitioner,**

v.

**The DISTRICT COURT In and For the COUNTY OF EAGLE and the Honorable William L. Jones, one of the Judges thereof; Lifetime Fiberglass Tank Co., a Colorado corporation; and John Phillips, Respondents.**

No. 82SA126.

Supreme Court of Colorado, En Banc.

June 28, 1982.

Criswell, Patterson, McNamara, Myles & Bell, John A. Criswell, Englewood, for petitioner.

DeMoulin, Anderson, Campbell & Laugesen, P. C., Richard W. Laugesen, Denver, for respondent Phillips.

William L. Jones, pro se.

Buchanan, Thomas & Johnson, Don R. Teasley, Lakewood, for Lifetime Fiberglass Tank Co.

LOHR, Justice.

In this original proceeding under C.A.R. 21 the petitioner, Eagle River Mobile Home Park, Ltd. (Eagle River), seeks reversal of an order of the Eagle County District Court denying Eagle River's motion to file a supplemental and amended complaint in its action for damages based on the structural failure of certain water tanks. We issued a rule to show cause and now make that rule absolute.

In the spring of 1980 Eagle River contracted with defendant John Phillips (Phillips) to obtain and install upon Eagle River's mobile home park property two underground water tanks manufactured by defendant Lifetime Fiberglass Tank Co. (Lifetime). After the tanks were installed and paid for, they collapsed. In December 1980 Eagle River filed a complaint against Phillips and Lifetime, seeking damages to recover the $40,000 purchase price of the tanks plus costs, expert witness fees, and interest. In June of 1981 the parties filed pre-trial statements with the court, and the case was set for jury trial to commence April 13, 1982.

During the summer of 1981 Eagle River lost shrubs and plants having a value of $30,000 as a result of lack of irrigation water at its mobile home park. The water was to have been made available through storage in the tanks supplied by Phillips and Lifetime. In November of 1981 one of Eagle River's buildings burned, resulting in a $250,000 loss. Fire protection was to have been provided by use of water stored in the tanks.[1]

On or about February 23, 1982, Eagle River filed a motion to amend its complaint, and tendered an amended complaint, to supplement the damages requested to include the $30,000 vegetation loss and the $250,000 building destruction. The new pleading also asserted several additional theories of

liability. A hearing was held on the motion on March 12, 1982, a month before the scheduled trial date. After first indicating an inclination to grant the motion, the trial court heard argument by counsel for the defendants. Counsel for Phillips urged that the newly asserted elements of damages were so substantial, the additional theories of recovery so significant, and the delay in assertion of the supplemental damage claims so great that the motion to amend should be denied. If the motion were to be granted, he argued, Phillips would need additional time for discovery.[2] Counsel for Lifetime objected to the requested amendment of the complaint on the same grounds asserted by Phillips. Additionally and independently, counsel for Lifetime orally moved for a continuance because the plaintiff did not make his expert witness available for deposition until November 26, 1981, although required by the pre-trial order to do so by October 15, 1981. The pre-trial order provided that Phillips and Lifetime would have 60 days after that deposition was taken to decide whether to employ an expert witness. If they elected to utilize an expert witness, that witness would then be made available for deposition examination by Eagle River.

Without hearing argument from counsel for Eagle River and without making any findings, the court denied the motion for a continuance and the motion to amend the complaint, "with the specific ruling that it will not prejudice plaintiff's rights to file a separate action on the [claims for supplemental damages first alleged] in the amended complaint." Eagle River attempted to make an additional record but the court did not permit it. The court's ruling was based on its conclusion that the damages accruing subsequent to the filing of the complaint could be asserted in a different action and reflects an overriding concern with maintaining the scheduled trial dates beginning April 13.

---

1. The statements about Eagle River's losses in the summer and fall of 1981 are based on averments in its amended complaint as elaborated in the plaintiff's brief in this original proceeding.

2. Asserted additional issues included whether the fire loss was covered by insurance so that Eagle River was not the real party in interest, and whether Eagle River had failed to mitigate its damages by obtaining a substitute water source.

Eagle River asserts that, in view of the fact that all elements of damage are based on the same alleged wrongs, the trial court abused its discretion in declining to grant the motion to amend the complaint so that all of those damages could be resolved in one trial. Under the circumstances here, we agree.[3]

In *Varner v. District Court*, Colo., 618 P.2d 1388 (1980), we stated the criterion by which we have been guided in determining whether to reverse a trial court's pre-trial procedural ruling when challenged in an original proceeding:

Although original proceedings are not designed as a substitute for appeal [citations omitted], we have exercised our original jurisdiction under C.A.R. 21 when a procedural ruling will have significant effect on a party's ability to litigate the merits of the controversy.

[Citations omitted.]

618 P.2d at 1390.

In *Varner*, we went on to relate that criterion to a motion to amend a complaint, stating:

C.R.C.P. 15(a) provides that once a responsive pleading has been filed, a party may amend his complaint "only by leave

of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The rule prescribes a liberal policy of amendment and encourages the courts to look favorably on requests to amend. *See generally*, 3 J. Moore, *Federal Practice* § 15.08[2] (2d ed. 1980); 6 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1484 (1971). Although leave to amend is not to be granted automatically, the court should not impose arbitrary restrictions on the application of the rule or exercise its discretion in a manner that undercuts its basic policy. Pleadings are not sacrosanct, *Brown v. Schumann*, 40 Colo.App. 336, 339, 575 P.2d 443, 445 (1978), and amendments thereto should be granted in accordance with the overriding purposes of our rules of civil procedure—"to secure the just, speedy, and inexpensive determination of every action." C.R.C.P. 1(a).

618 P.2d at 1390.[4]

We then outlined the primary considerations governing the trial court's resolution of a request to amend the pleadings. Quoting from the United States Supreme Court's decision in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962), we stated:

---

**3.** In its brief before this court, Eagle River states that it disputes only the trial court's refusal to allow the original complaint to be supplemented by allegations covering the additional damages arising after filing of the original complaint. Consequently, our ruling addresses only that question. Whether the trial court erred in denying Eagle River's motion to assert additional theories of liability and to alter the original complaint in other respects is not before us. The trial court may wish to reconsider these other matters in light of our disposition of this original proceeding.

We also note that since the additional damages asserted by Eagle River arose from "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented," C.R.C.P. 15(d), the proper procedure for presenting these additional elements of damages was by supplemental pleading pursuant to C.R.C.P. 15(d) rather than by an amended pleading under C.R.C.P. 15(a). Amended and supplemental pleadings differ in that the former relate to matters occurring before the filing of the original pleading and entirely replace the original pleading, while the latter concern events subsequent to the original

pleading and constitute only additions to the earlier pleading. C. Wright & A. Miller, *Federal Practice and Procedure* § 1504 (1971). However, this misnomer was not in itself a basis for denying Eagle River's motion, since it is the substance of the pleading that is of paramount importance. *Id.; see also Macaluso v. Easley*, 81 Colo. 50, 253 P. 397 (1927).

**4.** As noted in n. 3, *supra*, Eagle River's claims for additional damages should have been raised by supplemental pleading under C.R.C.P. 15(d). In this respect, the present case differs from *Varner v. District Court*, *supra*, which was properly concerned with the trial court's exercise of discretion under Rule 15(a). However, that factual distinction does not make a legal difference. Exercise of the trial court's discretion under Rules 15(a) and 15(d) is substantially similar and should be governed by the same considerations. *See* C. Wright & A. Miller, *Federal Practice & Procedure* § 1504 (1971); *Lewis v. Knutson*, 87 F.R.D. 478, 481 n. 5 (N.D. Tex.1980); *United States v. International Business Machines Corp.*, 66 F.R.D. 223, 227 n. 1 (S.D.N.Y.1975).

'If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave should, as the rules require, be "freely given." '

618 P.2d at 1390.

█ In the present case, the trial court did not base its ruling on any of the justifications for denial of an amendatory complaint listed in *Foman*. While the defendants contend that Eagle River was guilty of undue delay in asserting its supplemental damages, the trial court did not make a finding on this question. Indeed, when counsel for Eagle River attempted to make a record on the exact length of and reasons for the delay between the November fire and filing of the plaintiff's motion to amend, the court cut off counsel by statements reflecting that the date on which the Eagle River fire occurred was irrelevant to its decision.[5] In any case, "[d]elay alone, without any specifically resulting prejudice or any obvious design to harass," generally is not a sufficient basis for precluding a party from amending its complaint. *Spiker v. Hoogeboom*, Colo.App., 628 P.2d 177, 179 (1981). *Accord, e.g., Davis v. Piper Aircraft Corp.*, 615 F.2d 606 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980); *United States v. International Business Machines Corp.*, 66 F.R.D. 223 (S.D.N.Y.1975); *see generally* 6 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1488 at 438 (1971).

It is apparent from a reading of the record that the single overriding consideration which prompted the trial court to deny the motion to amend was the court's desire to maintain the scheduled trial date. While this is an appropriate factor for consideration, *see Varner v. District Court, supra; Bobrick v. Sanderson*, 164 Colo. 46, 432 P.2d 242 (1967), "the mere fact that an amendment is offered late in the case is not enough to bar it if the other party is not prejudiced." 3 J. Moore, *Federal Practice* § 15.08[4] at 15–102 (2d ed. 1982). Thus, we have previously approved a trial court's order permitting amendment of a complaint four days prior to trial, *Palmer Park Gardens, Inc. v. Potter*, 162 Colo. 178, 425 P.2d 268 (1967), and a trial court's decision to allow amendment of a complaint during trial for the purpose of asserting a new theory of recovery, *Continental Sales Corp. v. Stookesberry*, 170 Colo. 16, 459 P.2d 566 (1969). *See also H. W. Houston Construction Co. v. District Court*, Colo., 632 P.2d 563 (1981) (trial court's decision to permit amendment of a complaint over one year after it was filed in order to allow a recently discovered claim for personal injuries to be asserted was not an abuse of discretion); *Hildyard v. Western Fasteners, Inc.*, 33 Colo.App. 396, 522 P.2d 596 (1974) (January 12, 1972, amendment to a complaint originally filed on July 1, 1969, which sought to increase the damages alleged because of additional injuries discovered after filing the original complaint, was properly authorized by the trial court).

█ The defendants in this case did assert that they would be prejudiced by Eagle River's attempt to assert supplemental damages because of a lack of adequate time to prepare their defense to these claims. However, even where the party attempting to amend his pleadings is guilty of delay in seeking an amendment, it is preferable to allow the amendment subject to any conditions necessary to avoid prejudice to the opposing parties. *See* 6 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1488 at 440–44 (1971). Where the prejudice suffered by the opposing par-

5. In its brief in this proceeding the petitioner asserts that the delay from November 13 to February 23 in filing the motion to amend the complaint was necessary to investigate the factual circumstances surrounding the fire to assure that unavailability of the stored water contributed to the fire loss.

ty is lack of adequate time to prepare his case, this hardship may be avoided by granting a continuance of the trial date. *Id.; see also, H. W. Huston Construction Co. v. District Court, supra.* In contrast, where prejudice to a party resulting from amendment of the pleadings cannot be avoided by imposing appropriate conditions, or where the party seeking to amend his complaint is guilty of bad faith or dilatory motive, substantial reasons for denying the amendment are presented. 6 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1488 at 440–44 (1971); *see also Spiker v. Hoogeboom, supra.*

■ Allowing amendment of Eagle River's complaint would have promoted judicial economy by allowing all elements of damage resulting from collapse of the underground water tanks to be resolved in a single proceeding. Nothing in the record before us indicates that the motion to amend was made in bad faith or for a dilatory purpose, and there is no indication that the parties would be prejudiced by any delay in the trial necessitated by the amendment. Indeed, counsel for Lifetime moved for a continuance of the trial for independent reasons. Also, it should be noted that it is the plaintiff, the party that could be expected to have the strongest interest in a prompt resolution of the case, who is seeking the amendment that would require such a continuance. Finally, in assessing the above facts we must be mindful of the liberal policy of amendment contemplated by C.R.C.P. 15, which has been repeatedly recognized by this court. *E.g., H. W. Houston Construction Co. v. District Court, supra; Varner v. District Court, supra; Bobrick v. Sanderson, supra.* Under the facts of the present case and in light of the above considerations, the trial court's desire to preserve the scheduled trial date in this action was not a sufficient justification to deny the motion to amend.

The rule to show cause is made absolute.