Charles R. POLK, Petitioner,

v.

The DENVER DISTRICT COURT; and The Honorable Herbert L. Stern, III, a Judge of the Denver District Court, Respondents.

No. 92SA330.

Supreme Court of Colorado,
En Banc.

March 22, 1993.

Richard B. Podoll, John J. Eberle, Podoll & Podoll, P.C., Denver, for petitioner.

Brian J. Berardini, Brown & Berardini, P.C., Denver, for respondents.

Justice MULLARKEY delivered the Opinion of the Court.

In this original proceeding brought pursuant to C.A.R. 21, the petitioner Charles R. Polk seeks a writ of mandamus compelling the trial court to permit him to amend his answer to add counterclaims. We issued a rule to show cause and now discharge that rule.

## I.

In 1984, Polk, an executive vice-president of the Writer Corporation, took out a personal loan with United Bank of Denver and signed a promissory note for $350,000, with repayment beginning in June 1987. Polk secured the loan with some of his Writer Corporation common stock, then valued at twice the amount of the loan balance, and he gave United Bank authority to sell the pledged stock if its market value should decline. After a decline in the market price of the stock in June 1987, however, United Bank requested, and Polk agreed, that additional Writer Corporation stock be pledged as security for the repayment of the loan.

In late September or early October 1987, the market price of the Writer Corporation stock again fell, and United Bank again requested that Polk pledge more stock to cover the deficiency. Polk instead instructed United Bank to sell the stock, which United Bank acknowledged. If sale were possible and had been made at that time, the revenue received would have been sufficient to cover the outstanding balance on the loan, as well as leaving an excess of $221,000 to be returned to Polk. United Bank argues, however, that the instruction to sell was withdrawn by Polk a few days later. As a result, the stock was not sold, and the value of the stock subsequently dropped, becoming worthless. In addition, Polk defaulted on the repayment of the promissory note. United Bank brought suit to enforce the promissory note in May 1989. Polk filed an answer to United Bank's complaint in June 1989, denying liability and asserting as an affirmative defense that any damage suffered by United Bank was the result of its own conduct or actions. At that time, no counterclaims were asserted by Polk. Trial was initially set for January 1990, but was continued until June 1990 in order to permit further discovery. Shortly before the date of trial, Polk filed for bankruptcy and the trial was stayed pending resolution of that action. In August of 1991, Polk moved to dismiss his own bankruptcy petition, and the trial was subsequently reset for September 1992.

In April 1992, five months prior to the new trial date, Polk moved to amend his answer to include nine counterclaims against United Bank: (1) negligence; (2) negligent misrepresentation; (3) fraud; (4) breach of fiduciary duty; (5) breach of contract of agency; (6) breach of good faith; (7) promissory estoppel; (8) extreme and outrageous conduct; and (9) exemplary damages. In July, the trial court denied Polk's motion to amend because it was "made effectively on the eve of trial" since the answer was filed years ago, the counterclaims asserted facts known to Polk at the time of the answer, and no reasonable excuse was given for the delay. Furthermore, the court found that amendment would be futile, as the counterclaims were barred by the statute of limitations and did not relate back.

Polk contested the trial court's denial of his motion to amend as an abuse of discretion, and we issued a rule to show cause. Under the circumstances of this case we find that the trial court did not abuse its discretion in denying the motion. The rule to show cause is discharged.

## II.

### A.

 To determine whether Polk should have been allowed to amend his complaint, we must first examine the status of the law concerning amendments of pleadings. C.R.C.P. 15(a) provides in part:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is filed or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it any time within twenty days after it is filed. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....

The part of the rule permitting amendment by leave of court is applicable in this situation. Under well-established law, leave to amend is a discretionary matter which is left to the trial court to determine. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *H.W. Houston Const. Co. v. District Court*, 632 P.2d 563, 565 (Colo.1981). Thus, absent an abuse of discretion, we will not interfere with the trial court's ruling.[1] *H.W. Houston*, 632 P.2d at 565. It is therefore necessary for us to scrutinize the bounds of the court's discretion. As our analysis will show, Polk has failed to establish that the trial court abused its discretion.

### B.

 The first step in our analysis is to interpret the phrase "leave shall be freely given when justice so requires" from C.R.C.P. 15(a). In *Eagle River Mobile Home Park v. District Court*, 647 P.2d 660, 662 (Colo.1982), we considered the application of Rule 15(a), including in particular this instructive phrase, and stated that:

[t]he rule prescribes a liberal policy of amendment and encourages the courts to look favorably on requests to amend. *See generally* 3 J. Moore, *Federal Practice* § 15.08[2] (2d ed. 1980); 6 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1484 (1971). Although leave to amend is not to be granted automatically, the court should not impose arbitrary restrictions on the application of the rule or exercise its discretion in a manner that undercuts its basic policy. Pleadings are not sacrosanct, *Brown v. Schumann*, 40 Colo.App. 336, 339, 575 P.2d 443, 445 (1978), and amendments thereto should be granted in accordance with the overriding purposes of our rules of civil procedure—"to secure the just, speedy, and inexpensive determination of every action." C.R.C.P. 1(a).

(*quoting Varner v. District Court*, 618 P.2d 1388, 1390 (Colo.1980)). Thus Polk is correct in observing that a motion to amend is entitled to a lenient examination. This leniency is not without limits, however.

 In assessing a motion to amend, a trial court must weigh certain primary considerations, which we have previously delineated:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

---

1. We are cognizant of the fact that our cases in the past seemingly have not been consistent in the characterization of the standard of review under an original proceeding. The standard variously has been set forth either as a "serious abuse of discretion" by the trial court, *see, e.g., McCall v. District Court*, 783 P.2d 1223 (Colo. 1989); *Brewer v. District Court*, 655 P.2d 819 (Colo.1983), or simply as an "abuse of discretion," *see, e.g., People in Interest of Clinton*, 762 P.2d 1381 (Colo.1988); *Gonzales v. District Court*, 198 Colo. 505, 602 P.2d 857 (1979). For purposes of clarification, we note here that the two standards are in fact the same, and the use of the word "serious" is merely a descriptive term, not a legal one.

*Varner*, 618 P.2d at 1390 (*quoting Foman*, 371 U.S. at 182, 83 S.Ct. at 230); *Eagle River*, 647 P.2d at 663. Thus, the trial court must assess the motion to amend in light of the totality of the circumstances. It must balance the policy favoring the amendments of pleadings against the burdens which granting the amendment may impose on the other parties. *See Gaubatz v. Marquette Minerals, Inc.*, 688 P.2d 1128, 1130 (Colo.App.1984).

■ Considering the circumstances of this case, Polk asserts that the original answer filed gave United Bank sufficient notice of the underlying facts to be disputed and that granting a continuance, if necessary, would not prejudice United Bank. We reject Polk's assessment of the facts.

First of all, the counterclaims being asserted are not merely restatements of or even expansions on what was contained in the answer, but are completely new issues which incorporate facts outside the range of the facts contained in the original answer. The amended answer contains allegations concerning an agency contract, fiduciary duty and Polk's physical and mental health, among other things. These issues, not previously raised, would prejudice United Bank by requiring it to conduct additional and unanticipated discovery long after the case had been at issue. *See Robertson v. Board of Educ.*, 39 Colo.App. 462, 467, 570 P.2d 19, 23 (1977) (no abuse of discretion found in the denial of "the amendment on the grounds that the untimely amendment [by the plaintiff] would require taking additional testimony on an issue not anticipated by defendant, and would unduly delay resolution of the case which had been on the docket for over one year."). *See also Eckstine v. Harris*, 521 P.2d 1280, 1281 (Colo.App.1974) (no abuse of discretion in denying motion to amend where case was three and one-half years old, plaintiffs were not apprised of issue before trial and continuance would be necessary if amendment were granted).

As the trial court points out, the motion for amendment was made almost three years after the filing of the original answer and only five months before trial. It must be recognized that the timing of the motion to amend affects the analysis of the validity of the motion. With the hearing on the motion to amend being held only two months before trial and with the scope of the counterclaims far exceeding Polk's previous assertions of defenses and facts, it is clear that the trial could not have been held as scheduled. Rather, the trial date would have to have been continued yet again in order to permit proper discovery of these new issues.

■ Polk correctly points out that desire to preserve a scheduled trial date alone is insufficient reason to deny a motion to amend. As we stated in *Eagle River*, "[w]here the prejudice suffered by the opposing party is lack of adequate time to prepare his case, this hardship may be avoided by granting a continuance of the trial date." *Eagle River*, 647 P.2d at 663–64. *See also Lutz v. District Court*, 716 P.2d 129 (Colo.1986). Polk contends that this principle, as expressed in our cases, is determinative of his situation.

■ What Polk ignores, however, are other significant circumstances which impact on the trial court's decision. Although the delay alone is not sufficient basis for denying an amendment, it is still a valid factor to be considered by the trial court, *see Eagle River*, 647 P.2d at 663, in conjunction with other factors, including the past history of the case. Here, if the continuance were granted, it would be the fourth trial date set over a three year period. In *Eckstine*, the court of appeals found that denial of leave to amend is proper where "numerous delays have already occurred, the proposed amendment is not tendered until just prior to the date of trial, and no justification appears for further delay in bringing the litigation to an end." *Eckstine*, 521 P.2d at 1281 (citations omitted). Likewise, in *Apollo Tire, Inc. v. United Bank of Lakewood Nat'l Ass'n*, 531 P.2d 976, 978 (Colo.App.1974), the court of appeals determined that there was no abuse of discretion in denying a motion to amend where "[the] litigation had already been protracted and the granting of plaintiffs' motion to amend would have required

further lengthy delay in order that the defendants might respond to the new claims for relief."

■ Another important factor in the analysis is the fact that Polk knew of the bases for his counterclaims when he filed his original pleading almost three years ago. He has offered no reasonable excuse for the delay in bringing the counterclaims, but has stated only that he has new counsel. This reason does not entitle Polk to amend his answer. In early cases we have found that a trial court properly denied a motion to amend when the moving party failed to state an acceptable reason for the delay in bringing its proposed claims.[2] In *Bransford v. Norwich Union Fire Ins. Soc'y*, 21 Colo. 34, 36–37, 39 P. 419, 420 (1895), this court stated that:

> It is apparent from the record that the facts alleged in this pleading were as well known to the plaintiff and its attorney at the time of filing the original answer ... as they were at the time at which the amended answer was prepared and tendered. No valid excuse being given for not presenting this defense at the time of filing the original answer, the court might properly in its discretion have refused permission to file the same for this reason.

Also, in *Andrew v. Benight–Latcham Carpet Co.*, 72 Colo. 472, 473, 211 P. 378 (1922), we found that the trial court did not abuse its discretion in denying amendment where "the affidavit in support of the motion to amend shows no reason why the facts set up in the amended answer were not pleaded originally." The trial court's order of denial was upheld despite the fact that "[t]he affidavit appears to charge negligence upon the part of the attorney who filed the original answer." *Andrew*, 72 Colo. at 473, 211 P. 378. Although we have not ruled on this point of law recently, the court of appeals in *Gaubatz*, 688 P.2d at 1130, stated that "the movant carries the burden of demonstrating lack of knowledge, mistake, inadvertence, or other reason for having not stated the amended claim earlier." (Citations omitted). We find this principle persuasive, and in applying it to the present situation, determine that Polk has not met this burden.

■ Thus, we conclude that the lack of a reasonable excuse by Polk for his failure to promptly plead the counterclaims plus the history of delay in the case support a finding of undue delay. As discussed above, both undue delay and prejudice to the opposing party are valid reasons for the trial court, within its discretion, to find that the motion to amend should be denied. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230; *Varner*, 618 P.2d at 1390; *Eagle River*, 647 P.2d at 663.

Polk additionally notes that the counterclaims asserted are compulsory and, therefore in the interests of justice, should be heard. He relies on *Bobrick v. Sanderson*, 164 Colo. 46, 432 P.2d 242 (1967), in making his argument. In *Bobrick* we stated that "the fact that this is a Compulsory Counterclaim means that if the trial court's order is sustained then no possible future relief can be granted these petitioners and they will be barred from having their claim heard. Such is not the purpose of our

---

**2.** Although the two cases discussed in the text above, *Bransford v. Norwich Union Fire Ins. Soc'y*, 21 Colo. 34, 39 P. 419 (1895), and *Andrew v. Benight–Latcham Carpet Co.*, 72 Colo. 472, 211 P. 378 (1922), were decided before the enactment of the present Rules of Civil Procedure, we find the principles embodied in those cases to be applicable in this situation. The relevant language from the Code of Civil Procedure in effect in 1922 reads as follows:

> The court may, on motion, in furtherance of justice, and on such terms as may be proper ... [and] upon affidavit showing good cause therefor, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in any other particular [than in name of party or mistake]....

Colorado Code of Civil Procedure § 81 (1921). This language is identical to the analogous provision in the Civil Code applicable in 1895. Colorado Code of Civil Procedure § 75 (1887).

When the Rules of Civil Procedure containing the provision now applicable to amendment were first enacted, they stated that Rule 15 supplanted in part Section 81. Furthermore, the annotations to Rule 15 noted that the cases interpreting Section 81 supported the object of the new rule, which was to permit amendments freely with the thought of making disposition of causes expeditious. C.R.C.P. 15 annotation (Bradford 1935).

rules." *Bobrick*, 164 Colo. at 48, 432 P.2d 242. It is necessary to recognize, however, that not all claims, even those that are compulsory, may be litigated. For example, the various statutes of limitations and statutes of repose bar many actions from ever being litigated, regardless of their underlying merit. While certainly our rules and caselaw prohibit a draconian approach to the amendment of pleadings, we also encourage diligence in the preparation and trial of cases. Thus, unexplained careless or thoughtless mistakes in pleading on the part of counsel or the parties cannot be excused through amendments and continuances at the expense of fairness to opposing parties and the judicial process itself.

Given the overwhelming weight of the facts supporting the trial court's decision, we do not reach the issue of futility of amendment as discussed by the trial court. Continuing the trial would be required should the motion to amend be granted. The result would be undue delay and prejudice to United Bank. The policy favoring amendment of pleadings does not prevail because no reasonable excuse has been proffered by Polk for the tardiness of his motion to amend. Thus, we find that there has been no abuse of discretion by the trial court in denying the motion to amend. The rule to show cause is discharged.