**SUPER VALU STORES, INC., a Delaware corporation (now known as Super Valu, Inc.), Petitioner,**

v.

**The DISTRICT COURT IN AND FOR WELD COUNTY, Colorado, and The Honorable Jonathan W. Hays, one of the judges of the Court, Respondent,**

and

**Todd Holding Co., Inc., Toddys of Greeley, Inc., and Toddys of Ft. Collins, Ltd., Real Parties in Interest.**

No. 95SA123.

Supreme Court of Colorado,
En Banc.

Oct. 30, 1995.

As Modified on Denial of Rehearing
Dec. 4, 1995.

---

Gibson, Dunn & Crutcher, David G. Palmer, Gregory J. Kerwin, Patricia E. Foley, Denver, for petitioner.

John S. Pfeiffer, Denver, for real parties in interest.

Justice KIRSHBAUM delivered the Opinion of the Court.

On remand pursuant to the court of appeals' opinion in *Todd Holding Co., Inc. v. Super Valu Stores, Inc.,* 874 P.2d 402 (Colo.

App.1993), *cert. denied,* No. 93SC671 (Colo. May 23, 1994) (hereafter *"Todd Holding Co."*), the respondent Weld County District Court issued an order granting a motion filed by the plaintiffs-real parties in interest, Todd Holding Co., Inc.; Toddys of Greeley, Inc.; and Toddys of Ft. Collins, Ltd. (hereafter referred to collectively as "Todd"), for permission to amend a complaint filed against petitioner-defendant Super Valu Stores, Inc. (now known as Super Valu, Inc.) (hereafter "Super Valu"). Super Valu seeks a writ of prohibition pursuant to C.A.R. 21 to prohibit the trial court from enforcing its order. Having issued a rule to show cause why the requested relief should not be granted, we discharge the rule.

## I

The limited record before us establishes the following pertinent facts.[1] Todd Holding Co., Inc. is a Colorado corporation with its principal place of business located in Greeley, Colorado. Its two subsidiaries, Toddys of Greeley, Inc. and Toddys of Ft. Collins, Ltd. are engaged in the retail grocery business. Super Valu is a wholesaler primarily engaged in selling food and non-food products at wholesale to independently owned entities engaged in the retail grocery business.

In 1990, Todd initiated this civil action against Super Valu. The complaint[2] contained twenty-two claims for relief, including claims of common law fraud, breach of contract, breach of confidential relationship, and violations of the Colorado Organized Crime Control Act, §§ 18–17–101 to –109, 8B C.R.S. (1986 & 1994 Supp.) (hereafter "COCCA"). In support of these claims Todd alleged that Super Valu acted improperly with respect to prices for groceries charged by Super Valu to Todd from 1983 through 1989, and that Super Valu also acted improperly with re-

spect to a market survey conducted by Super Valu that Todd purchased from Super Valu in or about 1984.

With respect to Super Valu's alleged misconduct in setting prices, the complaint contains allegations that in or about 1983, relying on Super Valu's representations that Super Valu sold food and non-food products to grocery retailers on a cost, plus fee, plus freight basis, Todd became a customer of Super Valu; that from 1983 until 1989 Super Valu was the primary supplier of grocery products to Todd; and that, contrary to the terms of the relevant contract, Super Valu did not sell food and non-food products to Todd on a cost, plus fee, plus freight basis. Todd sought actual and punitive damages, asserting that Super Valu's pricing conduct constituted fraud, breach of contract, and breach of confidential relationship.

The complaint also contains allegations that Super Valu made representations to Todd regarding certain market surveys conducted by Super Valu, which surveys evaluated and analyzed potential site locations for new supermarkets; that in or about 1984 Todd purchased a market survey from Super Valu respecting a designated area in Arapahoe County, Colorado; that between September 26, 1986, and February 2, 1989, Todd expended a sum in excess of $1,500,000 to construct, operate, and maintain a supermarket in Arapahoe County, Colorado; and that Todd ultimately closed that supermarket due to lack of profit. The complaint further alleges that the copy of the market survey delivered by Super Valu to Todd was materially and intentionally altered by Super Valu to delete all references contained in the original survey to a proposed rival supermarket site. Todd alleged that this misconduct con-

1. Two appendices filed by Super Valu in support of its petition constitute the only record before this court. The appendices contain copies of certain pleadings, motions, and briefs filed by the parties; copies of several trial court and appellate court orders; and a transcript of a hearing conducted by the trial court with respect to a motion for directed verdict filed at trial by Super Valu. The record does not include transcripts of evidentiary proceedings, arguments and rulings on motions, or opening and closing arguments at

trial. Neither party to this proceeding has afforded this court with copies of jury instructions or jury verdict forms.

2. Todd was permitted to amend its initial complaint prior to trial. For purposes of this opinion, we will refer to Todd's first amended complaint as "the complaint" and will refer to the complaint that gives rise to this original proceeding as "the amended complaint."

stituted fraud, breach of contract, and breach of confidential relationship.[3]

The complaint also contains allegations that Super Valu's conduct with respect to its pricing of food and non-food products and with respect to its conduct in connection with the market survey purchased by Todd gave rise to five separate violations of COCCA.[4] In its answer to the complaint, Super Valu denied the allegations of the complaint and asserted as an affirmative defense that Todd's five COCCA claims were barred by applicable statutes of limitations.

At trial, Todd voluntarily dismissed three of its five COCCA claims. At the conclusion of Todd's case in chief, Super Valu filed a motion for directed verdict requesting dismissal of the two COCCA claims not previously dismissed (hereafter referred to as "the two surviving COCCA claims"). Super Valu argued, inter alia, that the two surviving COCCA claims were barred by the one-year statute of limitations established by section 13–80–103(1)(d), 6A C.R.S. (1987). The trial court disagreed with this argument, but ultimately entered a directed verdict against Todd on the two surviving COCCA claims on the ground that they were barred by the applicable three-year statute of limitations.

The jury returned a verdict in favor of Todd on Todd's claims alleging misconduct by Super Valu in preparing and selling the market survey. The jury awarded damages on those claims of $2,708 for breach of contract, $630,000 for breach of confidential relationship, and $970.50 for fraud. With respect to Todd's claims alleging misconduct by Super Valu in its pricing practices, the jury returned verdicts in favor of Super Valu on Todd's breach of contract and fraud claims,

returned a verdict in favor of Todd on its breach of confidential relationship claim, and assessed actual damages of zero and punitive damages of $1,200,000 against Super Valu. The trial court subsequently concluded that the award of punitive damages against Super Valu on Todd's breach of confidential relationship claim based on Super Valu's pricing conduct could not be sustained in view of the jury's failure to award actual damages on such claims and entered a final judgment in favor of Todd and against Super Valu in the amount of $633,678.50.

Super Valu appealed that portion of the trial court's judgment awarding Todd damages on Todd's claim of breach of confidential relationship by Super Valu in connection with the preparation and sale of the market survey. Todd cross-appealed the trial court's order dismissing Todd's two COCCA claims on statute of limitations grounds.

In *Todd Holding Co.*, 874 P.2d 402 (Colo. App.1993), the court of appeals reversed the trial court's judgment with regard to Todd's breach of confidential relationship claim. The court of appeals held that although proof of the existence of a confidential relationship may be essential to establish certain causes of action such as breach of fiduciary duty, breach of a confidential relationship does not in and of itself constitute a claim for relief. *Id.* at 404. The court of appeals also held that the trial court erred in dismissing the two COCCA claims on statute of limitations grounds in the absence of a determination of whether the applicable limitation period had been tolled. *Id.* at 405. The court of appeals concluded its opinion as follows:

---

3. The parties have characterized the twelfth, twenty-second, and twenty-third claims of the complaint as claims for breach of confidential relationship. Todd alleges in each of those three claims that a confidential relationship arose between Super Valu and Todd; that Todd reposed a special trust and confidence in Super Valu to act in Todd's interest; that Super Valu owed a duty to act in good faith and with due regard to Todd's interest; and that Super Valu breached its duty to act in good faith and with due regard to Todd's interest.

4. In pertinent part, COCCA prohibits persons who knowingly receive proceeds from a "pattern

of racketeering activity" to use such proceeds directly or indirectly in the "establishment or operation of any enterprise." § 18–17–104(1), (2), 8B C.R.S. (1986). A "racketeering activity" for purposes of COCCA includes, *inter alia*, "any conduct defined as 'racketeering activity' under 18 U.S.C. § 1961(1)(A), (1)(B), (1)(C), and (1)(D)." § 18–17–103(5)(a). Conduct constituting fraud by use of mail, as established by 18 U.S.C. § 1341, or fraud by wire, as established by 18 U.S.C. § 1343, constitute racketeering activity for purposes of 18 U.S.C. § 1961 and, by definition, for purposes of COCCA under § 18–17–103(5)(a).

That portion of the judgment relating to the breach of confidential relationship claims is reversed. Also, the judgment dismissing the COCCA claims is reversed, and the cause is remanded for further proceedings on the COCCA claims.

*Id.* at 406.

On June 22, 1994, pursuant to the court of appeals' remand order, the trial court vacated the judgment of $630,000 it had entered on the jury's verdict in favor of Todd on the breach of confidential relationship claim that was based on allegations of misconduct in connection with Super Valu's market survey. Subsequently, on February 20, 1995, the trial court entered its order with respect to the question of whether Todd's two surviving COCCA claims were time-barred. The trial court concluded that the question of whether Todd knew or reasonably should have known of the two COCCA claims more than two years before commencement of the action was material to the determination of the applicability of the relevant statute of limitations. The trial court further concluded that such issue should be determined by the jury.

In its February 20, 1995, order the trial court also addressed the issue of whether Todd's pricing claim is a proper predicate for its COCCA claims.[5] Super Valu asserted that Todd's complaint did not allege Super Valu's pricing conduct as a predicate to either of the two surviving COCCA claims. The trial court rejected that argument. In so doing, the trial court examined the general allegations of the complaint as well as allegations specifically related to Todd's two fraud claims, noted that such allegations asserted misconduct in connection with Super Valu's pricing practices as well as in connection with the market survey, and determined that the two surviving COCCA claims sufficiently incorporated by reference allegations of Super Valu's pricing conduct as well as allegations of Super Valu's conduct in connection with the market survey.

On September 22, 1994, Todd filed a motion to amend the complaint. The amended complaint as approved by the trial court contains one claim alleging breach of fiduciary duty and two claims alleging violations of COCCA.[6] The general factual allegations contained in the amended complaint do not differ in any substantial respect from the general factual allegations contained in the complaint. The trial court granted Todd's motion by order dated February 23, 1995, concluding that the two COCCA claims in the proposed amended complaint were duplicates of the two surviving COCCA claims, that the proposed amended complaint was not precluded by the law of the case or by the court of appeals' opinion in *Todd Holding Co.*, that Todd had demonstrated excusable neglect for the late filing of its motion with respect to the breach of fiduciary duty claim in view of the trial court's erroneous rulings with respect to the availability of such a claim, and that the interests to be served by permitting the amendment with respect to the breach of fiduciary duty claim outweighed any prejudice that might accrue to Super Valu.

## II

Super Valu asserts that the trial court abused its discretion or exceeded its jurisdiction in permitting Todd to assert misconduct in connection with Super Valu's pricing practices as a basis for Todd's two amended COCCA claims and in permitting Todd to assert a claim for breach of fiduciary duty. We disagree.

Rule 15(a) of the Colorado Rules of Civil Procedure contains the following pertinent provisions:

(a) **Amendments.** A party may amend his pleading once as a matter of course at any time before a responsive pleading is filed or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial

---

5. Neither party has requested this court to review the conclusions reached by the trial court in its February 20, 1995, order.

6. Todd's proposed amended complaint included four COCCA claims. The trial court found two of those claims to be duplicates of the two surviv-

ing claims erroneously dismissed as time-barred. The other two proposed COCCA claims were also claims included in the complaint but voluntarily dismissed by Todd at trial. Todd ultimately conceded that it could not reassert these two claims that had been voluntarily dismissed.

calendar, he may so amend it any time within twenty days after it is filed. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....

C.R.C.P. 15(a). A party may amend a pleading after a responsive pleading has been filed by leave of court or by written consent of the adverse party. A trial court's ruling with respect to a party's motion to amend a pleading will not be disturbed on appeal absent an abuse of discretion. *Polk v. District Court,* 849 P.2d 23, 25 (Colo.1993); *see also H.W. Houston Constr. Co. v. District Court,* 632 P.2d 563, 565 (Colo.1981).

█ We have recognized that C.R.C.P. 15(a) reflects a liberal policy of amendment and encourages trial courts to look favorably on requests to amend. *Varner v. District Court,* 618 P.2d 1388, 1390 (Colo.1980). Trial courts may permit amendments to pleadings at any stage of the litigation process so long as undue delay does not result and other parties are not prejudiced by such amendments. *Eagle River Mobile Home Park, Ltd. v. District Court,* 647 P.2d 660, 663 (Colo.1982); *H.W. Houston Constr. Co.,* 632 P.2d at 565–66. This policy favoring amendments to pleadings recognizes that parties to the adversary process may discover significant information relevant to a case long after the initial pleadings have been filed.

█ We have also recognized that trial courts may permit parties to amend pleadings in proceedings conducted subsequent to an appellate court's order of remand. *Smith v. Schlink,* 44 Colo. 200, 211–12, 99 P. 566, 570 (1908). However, the rule of liberality embodied in C.R.C.P. 15(a) respecting the amendment of pleadings is not designed to encourage expenditure of time and money on remand to litigate issues already resolved. In *Union Insurance Co. v. Kjeldgaard,* 820 P.2d 1183 (Colo.App.1991), the court of appeals recognized this principle in the following pertinent language:

[I]f the amended pleading does not run counter to a mandate which explicitly or implicitly precludes amendment, directs entry of a particular judgment, or restricts retrial to certain issues, the court may exercise its discretion to grant a party leave to amend and plead additional theories of recovery or defense.

*Id.* at 1185; *accord R.E.B., Inc. v. Ralston Purina Co.,* 525 F.2d 749, 751 (10th Cir.1975) ("Changes or expansion are not to be allowed on remand if to do so would run counter to the mandate of the appellate court."); 3 James W. Moore et al., *Moore's Federal Practice* ¶ 15.11, at 15–114 (2d ed. 1995) ("If [the appellate court] remands the case to the district court for further proceedings, new issues may be presented by amended pleadings not inconsistent with the judgment of the appellate court, if the mandate of the appellate court does not preclude amendment."); *see Rogers v. Hill,* 289 U.S. 582, 587–88, 53 S.Ct. 731, 734, 77 L.Ed. 1385 (1933).

### A

█ Super Valu contends that, as alleged in the complaint, the two surviving COCCA claims were not based on Super Valu's pricing conduct and that therefore the two COCCA claims contained in Todd's amended complaint are new claims to the extent they are based on alleged fraud in pricing practices. Super Valu also contends that Todd has not demonstrated excusable neglect for the delay in asserting such new COCCA claims, and that Todd's complaint did not contain sufficiently specific allegations of fraud with respect to Super Valu's pricing procedures, as required by C.R.C.P. 9(b),[7] to justify the trial court's determination that the two surviving COCCA claims were based on pricing fraud. *See New Crawford Valley, Ltd. v. Benedict,* 877 P.2d 1363, 1371 (Colo.App.1993) (applying C.R.C.P. 9(b) to COCCA claims). We disagree.

Each of the two surviving COCCA claims in Todd's complaint incorporated by refer-

7. Rule 9(b) of the Colorado Rules of Civil Procedure states as follows:
    **(b) Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the cir-cumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

ence the general allegations of the complaint and the allegations of Todd's first and second claims relating to pricing fraud. Paragraph 20 of Todd's complaint alleges specific fraudulent representations made by Super Valu giving rise to Todd's pricing claims, and the first and second claims contained in the complaint specifically allege common law fraud with respect to Super Valu's pricing practices. Both fraud claims also contain allegations that Todd believed Super Valu's representations to be true, that Todd relied on such representations to Todd's detriment, that such representations were false, and that Super Valu made such representations with reckless disregard for the truth thereof. In our view, the trial court correctly determined that Todd's two surviving COCCA claims incorporated by reference sufficiently particularized allegations of pricing fraud and that the two COCCA claims contained in the amended complaint merely duplicated the two surviving COCCA claims contained in the complaint. Furthermore, because the trial court determined that Todd is not asserting new and untimely COCCA claims, the trial court did not need to find excusable neglect with respect to the two COCCA claims.

### B

Super Valu argues that Todd is barred by the doctrine of res judicata from asserting COCCA claims based on a scheme of pricing fraud because the jury's return of a verdict in favor of Super Valu on Todd's common law pricing fraud claim precludes Todd from relitigating any pricing fraud issue in connection with alleged racketeering activity under COCCA. Todd argues that because establishing racketeering activity by showing a scheme to defraud under applicable federal statutes[8] does not require the plaintiff to establish the elements necessary for establishing common law fraud, Todd is not barred by the doctrine of res judicata from asserting COCCA violations based on pricing fraud. Todd also argues that the doctrine of res judicata is an affirmative defense and cannot serve as a basis for decision in this original proceeding.

We agree with Todd's argument that questions concerning the applicability of the doctrine of res judicata are not properly presented here. The trial court's order of February 23, 1995, does not refer to that doctrine. Res judicata is an affirmative defense that may be raised by an appropriate pleading. C.R.C.P. 8(c); 1B James W. Moore et al., *Moore's Federal Practice* ¶ 0.408[1] (2d ed. 1995). Super Valu has not responded to the amended complaint but merely objects to Todd's motion for permission to file the amended complaint. In these circumstances, issues concerning the applicability of the doctrine of res judicata to Todd's two COCCA claims as contained in the amended complaint are not properly before this court in this proceeding.

### C

Super Valu also argues that the court of appeals' opinion in *Todd Holding Co.* implicitly precludes Todd from amending its complaint to add a breach of fiduciary duty claim. We disagree.

A trial court retains discretion to grant a party leave to amend the pleadings following remand from an appellate court unless such amendment would contravene a mandate that expressly or by necessary implication precludes such amendment. *Union Ins. Co. v. Kjeldgaard,* 820 P.2d 1183, 1185 (Colo.App.1991); *see also Quern v. Jordan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979) (a lower court is free as to issues not encompassed within an appellate mandate); *Rogers v. Hill,* 289 U.S. 582, 587–88, 53 S.Ct. 731, 734, 77 L.Ed. 1385 (1933) (so long as a trial court does not contradict a mandate, it can on remand allow a party to file additional papers or vary or expand the issues); *Rutherford v. United States,* 806 F.2d 1455, 1459–60 (10th Cir. 1986) (a trial court retains discretion to grant leave to amend even after an appellate court reverses a judgment and remands with directions to dismiss). Of course, proposed amendments to pleadings on remand cannot contravene the law of the case as established

---

8. 18 U.S.C. § 1341 (1994) (mail fraud); 18 U.S.C. § 1343 (1994) (wire fraud).

by the appellate court. *Kuhn v. State*, 897 P.2d 792, 795 (Colo.1995) (citing *People v. Roybal*, 672 P.2d 1003, 1005 (Colo.1983)); *accord People ex rel. Gallagher v. District Court*, 666 P.2d 550, 553 n. 8 (Colo.1983). Conclusions of an appellate court on issues presented to it as well as rulings logically necessary to sustain such conclusions become the law of the case. *People v. Roybal*, 672 P.2d 1003, 1005 (Colo.1983); *see* Note, *Law of the Case*, 40 Colum.L.Rev. 268, 275 (1940). The doctrine of the law of the case protects litigants from the expenditure of time and money involved in the reargument of settled issues and ensures that lower courts follow the decisions of higher courts in subsequent proceedings. *Roybal*, 672 P.2d at 1005 n. 6.[9]

An appellate court may elect to remand a case to a trial court for a new trial on particular claims. *See* C.A.R. 35(e). However, failure of an appellate court to remand a case for a new trial on particular claims does not imply that the parties are precluded on remand from seeking to amend their pleadings to add such claims. Thus, the question of whether new claims may be added following remand requires analysis of the appellate court's mandate and of the issues expressly or impliedly determined by the appellate court's judgment.

■ The court of appeals' opinion in *Todd Holding Co.* does not expressly preclude Todd from litigating claims of breach of fiduciary duty against Super Valu. Super Valu argues that the court of appeals' denial of Todd's petition for rehearing, which petition requested the court of appeals to grant Todd a new trial on a breach of fiduciary duty claim, implicitly precludes Todd from asserting a breach of fiduciary duty claim on remand. We reject this argument.

In its opinion, the court of appeals noted that at trial Todd "did not allege a claim for breach of fiduciary duty." *Todd Holding Co.*, 874 P.2d at 403. In this circumstance, questions concerning the propriety of the addition of claims based on alleged breaches

of fiduciary duty were not before the court of appeals. Furthermore, the court of appeals expressly recognized that a breach of confidential relationship claim was not identical to a breach of fiduciary duty claim. *Id.* at 404. In directing dismissal of the breach of confidential relationship claim, the court of appeals had no reason to speculate as to the possibility that on remand Todd might seek to add a breach of fiduciary duty claim. In our view, neither the court of appeals' mandate nor its opinion addresses directly or impliedly any issue with respect to the propriety of the assertion by Todd on remand of a claim alleging breach of fiduciary duty.

In view of this conclusion, we reject Super Valu's argument that the doctrine of the law of the case precludes Todd from asserting on remand a new claim for breach of fiduciary duty. *See Roybal*, 672 P.2d at 1005 n. 6; *Kuhn v. State*, 897 P.2d 792, 796 (Colo.1995) (the law of the case doctrine does not apply when there has been no prior decision on the issue).

### D

■ Super Valu also argues that even if Todd is not precluded by the court of appeals' mandate or by the doctrine of the law of the case from amending its complaint to add a breach of fiduciary duty claim, the trial court abused its discretion in granting Todd's motion to amend. We disagree.

In *Union Insurance Co. v. Kjeldgaard*, 820 P.2d 1183, 1186 (Colo.App.1991), plaintiff Union Insurance Co. ("Union") filed a complaint for declaratory relief seeking a determination that, based upon certain insurance policy clauses, Union was not liable for damages caused by its insured. The trial court initially granted Union's motion for judgment based on a portion of the insurance policy not relied upon by Union in its complaint. The court of appeals reversed that judgment on the ground that the claim on which the motion was granted was not raised by the pleadings. On remand, Union was granted leave

---

**9.** The law of the case doctrine differs from res judicata in that res judicata precludes a second action on the same claim as one litigated in a prior proceeding, *City and County of Denver v. Block 173 Assocs.*, 814 P.2d 824, 830 (Colo.

1991), whereas the law of the case doctrine applies to final decisions that affect the same parties in the same case, *Kuhn v. State*, 897 P.2d 792, 795 (Colo.1995).

to amend its complaint to add a claim based on that clause of the policy. Union then successfully moved for summary judgment on the basis of its new claim. The defendants appealed, arguing that the trial court erred because the appellate court's mandate precluded Union from amending its complaint and, alternatively, that the trial court abused its discretion in granting Union's motion to amend in view of the resulting delay and expense to the defendants. The court of appeals initially concluded that its earlier mandate neither explicitly nor implicitly precluded Union from amending its complaint. *Union Ins. Co.*, 820 P.2d at 1185. With respect to the second issue, the court of appeals noted that pursuant to C.R.C.P. 15(a), a party seeking amendment late in the proceedings must demonstrate lack of knowledge, mistake, inadvertence, or other reason for having not stated the amended claim earlier. *Id.* at 1186. The court of appeals then concluded that if the moving party satisfied that requirement, the trial court must determine whether the interests served by amendment outweigh the prejudice accruing to those opposing amendment. *Id.* The court of appeals held that Union had not acted in bad faith or with dilatory motives, that any prejudice to the defendants was minimal because the amendment arose out of the same transaction that gave rise to the original complaint, and that the trial court therefore had not abused its discretion in granting Union leave to amend its complaint. *Id.*

As the trial court in this case recognized, Todd's position is similar but not identical to that of Union. In *Union Insurance Co.*, Union initially prevailed on the same claim that it was seeking to add through amendment. In this case, Todd is seeking to add a claim different from the claim upon which it initially prevailed at trial. Furthermore, in *Union Insurance Co.*, Union relied upon the same claim throughout the proceedings, even though that claim did not appear in its complaint. In this case, Todd specifically chose not to rely on a breach of fiduciary duty claim until after it was determined that its breach of confidential relationship claim was not viable.

In this case, the trial court determined that Todd's delay in asserting a breach of fiduciary duty claim was excusable because the trial court had misled Todd into believing that Todd's breach of confidential relationship claim was a viable claim. The trial court also found that the prejudice to Super Valu in defending against the new claim would be minimal because the new claim was based on evidence similar to that which would be presented by Todd on the two COCCA claims in the amended complaint. We find the record to be supportive of these conclusions, and we find no abuse of discretion by the trial court in granting Todd's motion to amend.

A party can and is encouraged to plead alternative theories. C.R.C.P. 8(e)(2). It is difficult for a trial court to determine whether a party who has chosen not to plead alternative theories should be allowed to amend after the party has failed on the one theory that it pled. On the one hand, judicial economy and fairness to an opposing party dictate that parties not use the amendment process to test theories of recovery one trial at a time. On the other hand, the interests of justice may require that a party be allowed to amend if that party's delay was not due to a "bad faith or dilatory motive." *Eagle River Mobile Home Park v. District Court*, 647 P.2d 660, 663 (Colo.1982). An appellate court is not in the same position to consider the multitude of factual circumstances that bear on the determination of whether the interests of justice outweigh the potential prejudice to the opposing party. *Cf. J.P. v. District Court*, 873 P.2d 745, 751 (Colo.1994); *Cherry Creek Sch. Dist. No. 5 v. Voelker*, 859 P.2d 805, 810 (Colo.1993). For this reason, the standard of review in cases such as these is whether the trial court abused its discretion. In this case, we conclude that the trial court's ruling does not constitute an abuse of discretion.

### III

For the foregoing reasons, the rule to show cause is discharged.