Mel T. NELSON and Metro Auto, Inc., a
Colorado corporation, Plaintiffs–
Appellants,

v.

John A. ELWAY, Jr.; Rodney L. Buscher;
J.R. Motors Company, a Colorado general partnership; and J.R. Motors Company South, a general partnership, Defendants–Appellees.

No. 96CA0984.

Colorado Court of Appeals,
Div. II.

March 5, 1998.

Rehearing Denied May 14, 1998.

Certiorari Denied Jan. 25, 1999.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder; Podoll & Podoll, P.C., Richard B. Podoll, Robert A. Kitsmiller Denver, for Plaintiffs–Appellants.

Brownstein, Hyatt, Farber & Strickland, P.C., Stanley L. Garnett, Patrick F. Carrigan, Denver, for Defendants–Appellees.

Opinion by Judge TAUBMAN.

Plaintiffs, Mel T. Nelson and Metro Auto, Inc. (collectively Nelson), appeal the order denying their motion to file an amended complaint in a civil action against defendants, John A. Elway, Jr., Rodney L. Buscher, and J.R. Motors Company (Elway). We reverse.

This is the third appeal arising out of an action involving the sale of Nelson's two automobile dealerships to Elway. Nelson used an agent, Aspen Brokerage Company d/b/a/ Pico Corporation and John J. Pico (Pico), to arrange the sale. After the sale, Nelson brought suit against Elway, Pico, and General Motors Acceptance Corporation (GMAC) claiming that they had prevented him from receiving certain deferred compensation negotiated in the sale of the dealerships.

As pertinent here, the district court entered summary judgment in favor of Elway and against Nelson on Nelson's claim of civil conspiracy. On appeal pursuant to C.R.C.P. 54(b), that judgment was affirmed in part in *Nelson v. Elway*, (Colo.App. No. 93CA0629, May 26, 1994) (not selected for official publication). However, on certiorari review, the supreme court reversed part of that holding, thereby completely affirming the trial court's judgment. *See Nelson v. Elway*, 908 P.2d 102 (Colo.1995) (*Elway I* ). That decision sets forth the underlying facts of this case.

While the Elway portion of the case was pending on appeal, the district court separately entered summary judgment in favor of Pico and against Nelson on Nelson's claims of breach of fiduciary duty and civil conspiracy. On appeal, a division of this court reversed that judgment and remanded the case for trial. *Nelson v. Aspen Brokerage Co.*, (Colo.App. No. 94CA1461, February 29, 1996) (not selected for official publication).

While *Elway I* was pending on appeal, a claim for aiding and abetting a breach of fiduciary duty was first recognized by Colorado's appellate courts in *Holmes v. Young*, 885 P.2d 305 (Colo.App.1994).

Thereafter, on remand to the district court from *Elway I*, Nelson filed a motion to amend the complaint to include a claim that Elway had aided and abetted Pico's breach of his fiduciary duty to Nelson. The district court denied Nelson's motion. Specifically, it determined that although the amended mandate in *Elway I* did not preclude consideration of an amended complaint with a new claim for relief, Nelson's proposed amendment was foreclosed by the supreme court's ruling affirming the judgment in favor of Elway on the civil conspiracy claim.

## I. Remand Order

At the outset, we address Elway's contention that the trial court did not have jurisdiction to consider Nelson's motion to amend the complaint. Specifically, Elway argues that the narrow scope of the supreme court's amended mandate directing the district court to enter judgment in favor of Elway prohibited the trial court from granting Nelson's motion to amend the complaint.

Nelson contends however, that because the appeal was from the judgment in favor of Elway entered pursuant to C.R.C.P. 54(b) and on less than all of the claims asserted, rather than pursuant to C.R.C.P. 54(a) determining all claims, the trial court retained jurisdiction over the entire case, including any proposed amendment to the complaint, and only lacked jurisdiction over the issues decided in rendering the judgment appealed from. We agree with Nelson.

C.R.C.P. 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

C.R.C.P. 54(b) creates an exception to the requirement that an entire case must be resolved by a final judgment before an appeal is brought. *Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982).

■■■ A trial court retains discretion to grant a party leave to amend the pleadings following remand from an appellate court, unless that amendment would contravene a mandate that expressly or by necessary implication precludes such amendment. However, failure of an appellate court to remand a cause for a new trial on particular claims does not imply that the parties are precluded on remand from seeking to amend their pleadings to add such claims. *Super Valu Stores, Inc. v. District Court,* 906 P.2d 72 (Colo.1995).

Here, the amended mandate of the supreme court in *Elway I, supra,* 908 P.2d at 111, provided: "The case is thus remanded to the court of appeals with directions to remand to the trial court to enter judgment in favor of [Elway]." Consistent therewith, the mandate of the court of appeals also directed the trial court to enter judgment in favor of Elway.

On remand, the trial court entered judgment in favor of Elway upon the claims which had been certified under C.R.C.P. 54(b). Thus, notwithstanding Elway's contention to the contrary, the trial court followed the express mandate of the supreme court.

■■■ However, because of the nature of a certification pursuant to C.R.C.P. 54(b), which applies to a final decision of one or more, but not all, claims for relief, the trial court retained jurisdiction over those portions of the case not affected by the judgment certified as final for appeal. *See* 10 *Moore's Federal Practice* § 54.21[2] (3d ed.1997) (judgment under C.R.C.P. 54(b) is in effect, though not in form, a severance of the adjudicated claims from the remainder of the action). *See also* 10 C. Wright & A. Miller, *Federal Practice & Procedure* § 2659 (1983) (appellate court should not hear appeals that will require it to determine questions that are before the trial court with regard to other claims).

Thus, unlike an appeal of a final judgment entered pursuant to C.R.C.P. 54(a), the trial court here had not resolved all possible claims concerning Elway at the time of the initial appeal. Indeed, at that time, Elway's counterclaim against Nelson was pending before the district court. *Cf. Colorado State Board of Medical Examiners v. McCroskey,* 940 P.2d 1044 (Colo.App.1996) (when an appeal is taken pursuant to a final judgment, trial court must comply with specific directions of an appellate court mandate on remand).

■■■ Accordingly, after the issuance of the supreme court's amended mandate in *Elway I,* the trial court did not have jurisdiction to conduct further proceedings with regard to those issues resolved by the supreme court in the appeal of the C.R.C.P. 54(b) judgment, beyond complying with the mandate. However, it retained jurisdiction over the remaining portions of the case and continued to have *in personam* jurisdiction over Elway. *See* 19 *Moore's Federal Practice* § 202.06[1] (3d ed.1997) (district court may certify a final judgment to be entered as to fewer than all the parties or claims in an action that is immediately appealable, even though the action may continue in the district court as to the other parties and claims).

Thus, we conclude that the district court had jurisdiction to rule upon Nelson's motion to amend the complaint.

## II. Motion to Amend Complaint

Nelson contends that the trial court abused its discretion in denying their motion to amend the complaint after remand from the supreme court. Specifically, Nelson argues that the trial court erred in ruling that the law of the case established by *Elway I* barred them from amending their complaint to allege that Elway aided and abetted Pico's breach of its fiduciary duty to Nelson. We agree.

C.R.C.P. 15(a) provides in pertinent part: "A party may amend his pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires...."

C.R.C.P. 15(a) reflects a liberal policy of amendment and encourages trial courts to look favorably on a request to amend. Trial courts may permit amendments to pleadings at any stage of the litigation process so long as undue delay does not result and other parties are not prejudiced by such amendments. A trial court's ruling with respect to a party's motion to amend a pleading will not be disturbed on appeal absent an abuse of discretion. Trial courts may permit parties to amend pleadings in proceedings conducted subsequent to entry of an appellate court's order of remand, provided, however, that the new issues presented by amended pleadings are not inconsistent with the judgment or mandate of the appellate court. *Super Valu Stores v. District Court, supra.*

Proposed amendments to pleadings on remand cannot contravene the law of the case as established by the appellate court. In this regard, conclusions of an appellate court on issues presented to it as well as rulings logically necessary to sustain such conclusions become the law of the case. *Super Valu Stores v. District Court, supra.* See also *Union Insurance Co. v. Kjeldgaard,* 820 P.2d 1183 (Colo.App.1991).

However, the doctrine of the law of the case does not preclude a party from asserting on remand a new claim for relief not previously asserted in the original complaint, provided that the elements of the new claim are not identical to the elements of the original claim for relief. *Super Valu Stores v. District Court, supra.*

Here, in the former appeal, the supreme court held that Nelson had failed to allege, and the record did not contain, facts sufficient to support the unlawful overt act element of a civil conspiracy claim, and therefore, summary judgment was appropriate. The supreme court reasoned:

Without an allegation that [the Elway defendants] committed, or participated in the commission of, an unlawful overt act, conspiracy liability may not be imposed against [the Elway defendants]. The record indicates that [the Elway defendants] negotiated, at arm's length, the best deal that they could for the purchase of the dealerships. We decline to impose liability upon [the Elway defendants] for doing in a proper manner that which they had a lawful right to do: attempt to obtain the most advantageous position for themselves in purchasing the dealerships.

*Elway I, supra,* 908 P.2d at 106–107.

Interpreting this language, the trial court concluded:

[I]t is clear that the supreme court examined the record and determined, as a matter of law, that there is no evidence of conduct between the Elway defendants and Pico which would constitute an agreement to eliminate compensation for the plaintiff.

. . . .

The supreme court made a substantive ruling with respect to the conduct of the Elway defendants vis a vis John Pico and the plaintiffs. This holding constitutes the law of the case. Therefore, although the second amended complaint does plead a new cause of action which was not directly before the appellate court, the substance of the amended complaint, namely whether there was participation of the Elway defendants in Pico's alleged breach of fiduciary duty, has been ruled upon by the supreme court.

Thus, the trial court concluded that the supreme court's determination that Nelson had failed to present any evidence of an unlawful act was tantamount to a ruling that there was no agreement to eliminate compensation for Nelson. Consequently, it ruled, as a matter of law, that the law of the case doctrine barred Nelson's proposed second amended complaint. We disagree with this conclusion.

A claim of aiding and abetting a breach of fiduciary duty is not identical to a claim of civil conspiracy. The elements of the tort of aiding and abetting a breach of fiduciary duty include: (1) breach by a fiduciary of a duty owed to a plaintiff, (2) a defendant's knowing participation in the breach, and (3) damages. *Holmes v. Young, supra.* Also, Restatement (Second) of Torts § 876(b) (1977), upon which the tort is prem-

250

ised, includes as an additional element that a defendant must give substantial assistance to the other's breach.

■ In contrast, a civil conspiracy claim requires: (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) an unlawful overt act, and (5) damages as the proximate result. *Jet Courier Service, Inc. v. Mulei,* 771 P.2d 486 (Colo.1989).

We recognize that the unlawful overt act alleged by Nelson in *Elway I* was Pico's breach of fiduciary duty, an element necessary to establish Nelson's claim of aiding and abetting a breach of fiduciary duty against Elway but insufficient to impose liability against Elway for civil conspiracy, absent evidence that Elway agreed with Pico to divert Nelson's compensation. However, failure to allege facts sufficient to establish an agreement between Pico and Elway is not fatal to Nelson's aiding and abetting a breach of fiduciary duty claim because the elements of the two claims are not identical.

Aiding and abetting a breach of fiduciary duty requires a defendant's knowing participation in the breach. In contrast, a claim for civil conspiracy requires a meeting of the minds on the object of the conspiracy. However, Nelson is not required to establish the existence of an agreement to prove a claim of aiding and abetting a breach of fiduciary duty. Rather, Nelson must establish only that Elway provided substantial assistance to Pico in his breach of fiduciary duty.

■ Further, the claim of civil conspiracy, as defined by the supreme court in *Elway I,* requires proof of an unlawful intent. As noted, the supreme court refused to impose liability on Elway for civil conspiracy "for doing in a proper manner that which they had a right to do...." *Elway I, supra,* 908 P.2d at 107. However, such wrongful intent is not necessary to establish a claim for aiding and abetting a breach of fiduciary duty. *See Holmes v. Young, supra,* 885 P.2d at 309 ("[W]rongful intent is not necessary as the factfinder is required only to 'find that the [defendant] knew of the breach of duty and participated in it' ").

■ Thus, rather than having to prove Elway's wrongful intent to establish a claim

for aiding and abetting a breach of fiduciary duty, Nelson must establish that Pico breached a fiduciary duty to Nelson, that Elway knew that Pico's conduct violated that duty, and that Elway provided substantial assistance to Pico. Accordingly, Nelson's failure to allege facts sufficient to support the overt wrongful act element of a claim for civil conspiracy does not necessarily foreclose the establishment of a claim for aiding and abetting a breach of fiduciary duty.

Thus, as in *Super Valu Stores,* the doctrine of the law of the case does not preclude Nelson from asserting on remand a new claim for relief because the elements of the new claim are not identical to the elements asserted in the original claim. Indeed, in our view, neither the amended mandate nor the opinion of the supreme court addresses directly or impliedly the issue of whether Elway aided and abetted a breach of fiduciary duty. *See Super Valu Stores v. District Court, supra.*

Consequently, the trial court erred in determining that the law of the case barred Nelson from filing an amended complaint alleging that Elway aided and abetted a breach of fiduciary duty. *See Van Osdol v. Vogt,* 908 P.2d 1122 (Colo.1996) (Mullarkey, J., concurring) (although trial court properly dismissed plaintiff's claim under C.R.C.P. 12(b)(1) and (5), on remand the plaintiff may be able to amend her complaint to add new claim for relief within the scope of permissible claims recognized by the majority).

Because of this erroneous conclusion, the trial court did not exercise its discretion in passing upon Nelson's motion to amend; it held, in essence, that the supreme court's prior opinion foreclosed it from exercising that discretion. Consequently, its ruling cannot stand.

The order of the trial court is reversed, and the cause is remanded to the district court for further proceedings consistent with this opinion.

CRISWELL and JONES, JJ., concur.