Beth BASEFSKY, Barbara A. Archer, Jeffrey P. Kolts, Jeffrey M. Hausner, Christopher Shaklee, Nicole Shaklee, Michael McCafferty and Michael Mosco, Rodney Becker and David Schmidt, Plaintiffs–Appellants,

v.

CIVIL SERVICE COMMISSION, City and County of Denver, Kristopher Colley, Christopher Olson, Ellen Realth, Paula Sandoval and Edward Sullivan, its Commissioners, Paul G. Torres, Its Executive Director, David Michaud, Chief of Police and Fidel "Butch" Montoya, Manager of Safety and Kenneth Chavez, Reuben Conner, Alex Paul Woods, Jr., Sessions Harlan, Ronald Thomas, Mark Chuck, Mark Fall, Adam Hernandez, Timothy Rusk, David Shear,

Bernardo Arablao, Jerry Heimbigner, Joseph Rodarte, Douglas Stephens, John MacDonald, David Knoth, Daryl Miller, Rosamaria Vasquez, Richard Bridges, Vincent Lombardi, Leonard Mares, Christopher McCarty, Stephen Wilson, Angelo Martinelli, Jacqueline Anderson, Bradley Johnson, Betty Gordon, Phillip Hernandez, Adolph Steinbach, Richard Parts, Kelly O'Hayre, Ricki Stern, Johnny Martinez, Robert Garcia, Michael O'Brien, Patrick Sheriot, Joseph Costello, Shane Webster, Michael O'Donnell, Ronald Veskovich, Bryon Kelley, Thomas Lahey, Robin Gray, John DiPaolo, Ron Gabel, Mark Miller, David Everson, Vergil Wheaton, Rick Stephens, Charles Campbell, Mark Novotny, Ryan Kaspersen, Michael Pettinger, John Houston, Jurgen Mohr, Shanna Clark, James Wise, Gary Teiken, Henrietta Valdez, David Polaizzi, Ken Overman, Claude Smith, James Moneghan, Kenneth Klaus, Rayna Poppe, Ronald Kelly, Craig Ford, Randall Chastain, Alex Woods, Stephen Kenfield, and Jerry Parton, Kathleen Bancroft, Kevin Jackson, Forrest McClure, Glenn E. Mathew, Kenneth Laurita, Scott Brungardt and James R. Smith, Defendants–Appellees.

No. 97CA2058

Colorado Court of Appeals, Div. IV.

March 18, 1999.

Rehearing Denied April 22, 1999.

Certiorari Denied Sept. 20, 1999.*

* Justice MARTINEZ does not participate.

Worstell & Kiesnowski, David L. Worstell, Robert W. Kiesnowski, Denver, Colorado, for Plaintiffs–Appellants.

Daniel E. Muse, City Attorney, Chris H. Mootz, Assistant City Attorney, J. Wallace Wortham, Jr., Assistant City Attorney, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge NEY.

Plaintiffs, candidates for promotion to police sergeant (candidates), appeal the dismissal of their C.R.C.P. 106(a)(4) action against the defendants, Denver Civil Service Commission and its members (collectively commission), requesting a review of the commission's administration of the promotion examination. We reverse and remand for further proceedings.

In 1997, the commission administered the promotion examination for the rank of sergeant pursuant to its obligation under the Denver City Charter (charter). The pertinent charter provision requires that "all examinations for promotion shall be competitive among such members of each department, as desire to submit themselves to examination." Denver City Charter 1904 § 199 (Amended November 4, 1986).

That provision also requires that all examinations "shall be impartial and relate only to matters which test fitness of the person examined" and provides that the commission will make rules for "open and competitive examinations as to fitness."

The commission conducted the promotional examination in five parts. The candidates challenged only the personnel record review portion of the examination, which had been used for the first time in the promotional process, and sought an order from the trial court eliminating the scores from this portion of the promotional exam.

The candidates challenge the validity of the personnel records review component because it lacked sufficiently objective standards to be reviewable by a court. We agree.

A.

■ The trial court considered the case under C.R.C.P. 106(a)(4) standards and concluded that the personnel record review portion of the examination complied with the charter's requirements.

However, we agree with the candidates that the personnel record review was not sufficiently objective.

■ An examination, even though partially subjective, may comply with the charter if it conforms to measures or standards which are sufficiently objective to be challenged and reviewed. *Civil Service Commission v. Frazzini*, 132 Colo. 21, 287 P.2d 433 (1955).

In *Frazzini*, the court determined the examination there at issue complied with the charter. The characteristics of that examination that led to the court's holding were:

[t]hat the candidates were to participate against each other equally before the examiners in answering questions of like character and nature, and that they had equal opportunity in the oral discussion to compete against the other under like and similar conditions; that the method of grading set up in the examination by the commission was sufficiently objective and definite to be capable of being challenged and reviewed by examiners of equal ability

and experience, and that there was sufficient record available for a review by the courts.

*Civil Service Commission v. Frazzini, supra.*

Here, however, there is no evidence in the record to support a finding that there was any objectivity involved in the commission's scoring decisions. Thus, we conclude that the personnel review portion of the exam did not conform to the requirements of the charter. *See Board of County Commissioners v. O'Dell,* 920 P.2d 48 (Colo.1996) and *Civil Service Commission v. Frazzini, supra.*

Moreover, our review of the record reveals that the scoring in the personnel record review was inconsistent by any objective measure. Similar candidates were subject to different and random standards. This was particularly egregious in the area of the evaluation of previous discipline imposed on the candidates. In some cases individuals who had received no or minor discipline received lower scores than candidates who had received serious discipline.

We therefore conclude that this portion of the examination is violative of the charter in a manner similar to the test at issue in *Spickard v. Civil Service Commission,* 31 Colo.App. 450, 505 P.2d 32 (1972).

### B.

In light of our conclusion that the records review portion of the examination did not comply with the charter, we do not address the other issues raised by claimants.

The judgment dismissing claimants' C.R.C.P. 106(a)(4) action is reversed, and the cause is remanded for an order directed to the commission to administer a personnel record review component of the promotion examination consistent with the charter and *Frazzini.*

Judge RULAND and Judge ROTHENBERG concur.