CIVIL SERVICE COMMISSION, City and County of Denver, Colorado; Kristopher Colley, Christoper Olson, Ellen Reath, Paula Sandoval, and Edward Sullivan, its Commissioners; Paul G. Torres, its Executive Director; Tom Sanchez, Chief of Police, City and County of Denver, Colorado; Fidel "Butch" Montoya, Jr., Manager of Safety, City and County of Denver, Colorado; Tracie Keese; Judy Will; Michael Calo; Antonio Lopez; David Fisher; John Pettinger; Kenneth Chavez; Johnathyn Priest; Roger Barker; Patrick Carver; Rhonda Jones; Ronald Saunier; Ernest Martinez; Clyde Jones; Kristen Kroncke; John Burbach; David Quinones; Ronald Johns; Ronald Lopez; Vincent Gavito; Michael Scanlan; Harold Chatman; Paul Berdahl; Lester Smith; Bill Finch; Sylvia Sich; Richard Shook; Richard Stager; Marsha Walker; Mark Drajem; Kirk Hon; Kirk Dunham; Robert Silvas; Robert Aultman; Laura

Tinnin; Alan Miller; Anthony Stone; Ronald Ruiz; Michael Anderson; Christopher Hoag; Cynthia Duncan; Lawrence Subia; John Goodfellow; William Yeros; Eugene Orton; Rick McNellis; and Robert Vescio, Petitioners,

v.

Clifford CARNEY, Gregory Cook, and Donna Starr–Gimeno, Respondents.

No. 03SC478.

Supreme Court of Colorado, En Banc.

Sept. 13, 2004.

J. Wallace Wortham, Jr., City Attorney, Sybil R. Kisken, Assistant City Attorney, Denver City Attorney's Office, Denver, Colorado, Attorneys for Petitioners.

Worstell & Kiesnowski, David L. Worstell, Robert W. Kiesnowski, Denver, Colorado, Attorneys for Respondents.

Chief Justice MULLARKEY delivered the Opinion of the Court.

## I. Introduction

This case has been appealed to the court of appeals twice. In its first opinion, the court held that plaintiffs, three police officers who challenged a portion of a promotional examination given by the City and County of Denver, were entitled to relief under C.R.C.P. 106(a)(4) and remanded the case for the award of costs to them under section 13–16–111, 5 C.R.S. (2003). *Carney v. Civil Serv. Comm'n*, 30 P.3d 861 (Colo.App.2001) (*Carney I*). By so ruling, the court rejected the appeal of the Denver officials who were defendants and granted the only relief requested by the plaintiffs on cross-appeal. On the second appeal that is now before us, the court of appeals held that the plaintiffs could amend their complaint on remand to add a new claim under 42 U.S.C. section 1983. *Carney v. Civil Serv. Comm'n*, No. 02CA0846, 2003 WL 21196515 (Colo.App.

2003) (unpublished pursuant to C.A.R. 35) (*Carney II* ). We reverse.

We hold, as a matter of law, that a party cannot amend its complaint to add a new claim after all of the issues have been resolved on appeal and the case is remanded for the award of costs to the prevailing party. When the only issue remaining for a trial court to decide is costs, there is a final judgment and the case is effectively over. Once there is a final judgment, the parties may pursue appellate review, but a motion to amend a complaint can no longer be entertained by the trial court.

This court's liberal policy of amendment is intended to effectuate the just and speedy determination of claims. Permitting the plaintiffs to add a new claim after a remand for costs, effectively starting the litigation anew, does not serve these purposes. To the contrary, allowing a new claim to be asserted under these circumstances perpetuates litigation and unfairly penalizes the defendants for pursuing the initial appeal. Therefore, we reverse the court of appeals' decision in *Carney II*, and remand the case to be returned to the trial court for the narrow purpose of awarding costs to the plaintiffs who prevailed in their Rule 106(a)(4) action.

## II. Facts and Prior Proceedings

Plaintiffs, who are the respondents before us, Clifford Carney, Gregory Cook, and Donna Starr–Gimeno, are police officers who took the 1998 police promotional lieutenants' examination administered by the City and County of Denver's Civil Service Commission. There were five components to the examination, including a review of the police officers' personnel files, called the Personnel Record Evaluation ("PRE") component. Based on the examination results, a rank order list of candidates was established. As vacant positions became available in the Denver Police Department, lieutenants were appointed from the list.

Carney, Cook, and Starr–Gimeno challenged the scoring of the PRE component by filing a civil action against the Civil Service Commission and other officials of the City and County of Denver (collectively "the City") pursuant to C.R.C.P. 57 and C.R.C.P. 106(a)(4). In their complaint, the police officers alleged the scoring of the PRE component was arbitrary and capricious, and violated the Denver City Charter, which requires promotional examinations to be "open and competitive." [1] *Basefsky v. Civil Serv. Comm'n*, 985 P.2d 81, 82 (Colo.App.1999) (citing Denver City Charter 1904 § 199).

The trial court ruled that the PRE component of the examination was arbitrary and capricious under C.R.C.P. 106(a)(4) because the scoring method prescribed was not sufficiently specific or definite to guarantee an objective result. As a remedy, the trial court ruled that candidates who had already been promoted would remain in their positions, but it required creation of a new eligibility register with the PRE scores equalized for the remaining candidates. In addition, the trial court denied the police officers' request for costs.

■ The City appealed the judgment and the police officers cross-appealed the trial court's denial of costs. *Carney I* affirmed in part and reversed in part the trial court's decision. 30 P.3d at 863. Deciding the case solely under Rule 106(a)(4), the court of appeals held that the scoring of the PRE component was invalid, but that the trial court's remedy exceeded its jurisdiction under C.R.C.P. 106. *Id.* at 866–67. The court concluded that the remedy should have been left to the Civil Service Commission to fashion. *Id.* at 867. Finally, the court of appeals determined that the trial court erred in denying the three officers their request for costs as the prevailing parties under section 13–16–111.[2] *Id.* at 867.

1. The PRE accounted for ten percent of the examination points and consisted of four sections with a maximum possible score of five points per section. The sections were: 1) supervisory related education and experience; 2) reliability as it related to attendance; 3) commendations; and 4) disciplinary record. In their original complaint, the officers alleged that "[a]lthough any number of points from 0.1 to a maximum of 5 points were assessed on each section, the assessors were given no guidelines from which a reviewing authority could review to see how the individual scores were arrived at."

In its directions to the trial court, *Carney I* reversed the lower court's judgment directing the establishment of a new eligibility register, affirmed the remainder of the judgment, and remanded the case "for an award of costs to plaintiffs Carney, Cook, and Starr–Gimeno." *Id.* at 867. The mandate in *Carney I* issued on September 24, 2001, and provided: "JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED WITH DIRECTIONS."

■ Seven weeks after the mandate issued, and approximately three years after the litigation was initiated, the three police officers filed a motion in the trial court to amend their complaint to add two new claims. The police officers sought to add a breach of contract claim and a federal claim under 42 U.S.C. section 1983, seeking both damages and attorney fees. The police officers predicated their section 1983 claim on the court of appeals' decision in *Montoya v. City of Colorado Springs*, claiming their substantive due process right to a fair promotional examination had been violated. 770 P.2d 1358 (Colo.App.1989) (recognizing that a firefighter who alleged racial discrimination could challenge specific regulations governing his promotion under section 1983). Because the two-year statute of limitations period to bring a section 1983 claim had already passed, the only way the police officers could bring the claim was through amendment so that the claim would relate back to the filing of the original complaint.[3]

The trial court initially granted the motion to amend, ruling that the amendment was timely, the claim might be valid under controlling case law, and that amendment was permissible after remand because it did not

attempt to relitigate an issue already decided by *Carney I*. The City filed a motion for reconsideration. The trial court, with another judge presiding, granted the motion and vacated the previous order allowing amendment. In its order, the trial court determined that amending the complaint was inappropriate because the court of appeals had remanded the case for the narrow purpose of awarding costs to the plaintiffs. The court reasoned that amending the complaint to include "an entirely new cause of action thus requiring another trial" ran contrary to the appellate court's mandate.

The police officers subsequently filed a second appeal, contending that the court of appeals' mandate did not preclude amendment and that the trial court erred when it vacated its previous order. In *Carney II*, the court of appeals affirmed in part and reversed in part the trial court's order in an unpublished opinion. No. 02CA0846 at *1. The *Carney II* court held that the remand order and appellate mandate of *Carney I* did not expressly or impliedly preclude amendment to assert new claims. *Id.* at 7. The court of appeals concluded that the police officers could amend their complaint to add the section 1983 substantive due process claim because it raised issues not addressed by *Carney I* and was not necessarily futile. *Id.* at 12. However, because the breach of contract claim could contravene the holding of *Carney I*, the court of appeals held the plaintiffs could not amend their complaint to add this claim. *Id.* at 9. *Carney II* concluded by remanding the case for further proceedings on the substantive due process claim. *Id.* at 15.

The City subsequently appealed to this court, contending that the trial court correct-

2. Costs may not be awarded against governmental entities in the absence of express legislative authorization. *Cent. Colo. Water Conservancy Dist. v. Simpson*, 877 P.2d 335, 349 (Colo.1994). Section 13–16–111 authorizes plaintiffs to pursue costs in actions brought against governmental entities under certain provisions of C.R.C.P. 106, stating that "[a] plaintiff who obtains judgment or an award of execution in an action brought under subsection (4) or (5) of Rule 106(a), C.R.C.P., shall recover his costs of suit."

3. Section 1983 does not contain a statute of limitations itself. *See Riel v. Reed*, 760 F.Supp. 852, 854 (D.Colo.1991). The U.S. Supreme Court has directed that in the absence of an explicit statute of limitations, courts should adopt an analogous state limitation period so long as it is not inconsistent with federal law or policy. *Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Colorado, section 1983 actions are governed by the residual statute of limitations, section 13–80–102(1)(i), 5 C.R.S. (2003), with a time period of two years. *Riel*, 760 F.Supp. at 854.

ly denied the motion to amend the complaint and that the substantive due process claim is futile. We granted certiorari on both issues.[4]

### III. Standard of Review

■ C.R.C.P. 15(a) governs the amendment of pleadings, and provides that where leave of court is required to amend a pleading, "leave shall be freely given when justice so requires." The rule explicitly reflects a liberal policy toward amendment, the purpose of which is "to secure the just, speedy, and inexpensive determination of every action." *Varner v. Dist. Court,* 618 P.2d 1388, 1390 (Colo.1980). Freely granting leave of court to amend also helps ensure that substantive rights will not be sacrificed to mere form. *Id.; see also Van Schaack v. Phipps,* 38 Colo.App. 140, 145, 558 P.2d 581, 586 (1976).

■ In deciding whether to grant a motion to amend, the trial court must consider the totality of the circumstances, balancing the policy favoring amendment against the burden the amendment imposes on the other party.[5] *Polk v. Denver Dist. Court,* 849 P.2d 23, 26 (Colo.1993). A party may make a motion to amend its complaint at any stage in the litigation, and leave to amend is decided within the discretion of the trial court. *Id.* at 25. Accordingly, our review is generally limited to determining whether the trial court abused that discretion. *Id.* at 25.

■ However, when the ruling is based on a legal conclusion, our review is de novo. *Benton v. Adams,* 56 P.3d 81, 85 (Colo.2002). In this case, the trial court denied the police officers' motion to amend because it determined that amendment would run contrary to the court of appeals' mandate in *Carney I,* and the court of appeals reversed that ruling. This is a legal conclusion, and therefore, our review is de novo.

4. We granted certiorari on two issues:
  1) Whether the court of appeals properly reversed the trial court's order denying the respondents' motion to amend their complaint by adding a substantive due process claim in a case that was remanded for the award of costs.
  2) Whether the court of appeals erred in finding that it was not futile to allow respondents to

### IV. Analysis

■ We hold that when all claims for relief have been decided on appeal and the case is remanded for the sole purpose of awarding costs to the prevailing party, that party cannot amend its complaint to add a new claim for relief. When the only issue remaining for a trial court to decide is the amount of costs, the case is effectively over. This is so because the award of costs is always ancillary to the award of judgment on the merits. Specifically, costs under section 13–16–111 can be awarded only to a plaintiff who obtains a judgment or award of execution in a case brought under C.R.C.P. 106(a)(4). In reaching the conclusion that the plaintiffs may not amend their complaint, we consider Colorado case law on the subject of amendment after remand, and discuss when litigation may be deemed "final."

■ This court has long recognized that trial courts may permit parties to amend pleadings in proceedings conducted after an appellate court's order of remand. *Super Valu Stores, Inc. v. Dist. Court,* 906 P.2d 72, 77 (Colo.1995); *Smith v. Schlink,* 44 Colo. 200, 211–12, 99 P. 566, 570 (1908). *Super Valu* underscores that the trial court's discretion under C.R.C.P. 15(a) must be guided by the purposes of amendment—to ensure the just and speedy resolution of cases—and should not be used "to encourage expenditure of time and money on remand to litigate issues already resolved." 906 P.2d at 77. To this end, proposed amendments may not disturb the law of the case as established by the appellate court. *Id.* at 78–79. As defined by *Super Valu,* the law of the case includes conclusions of the appellate court on issues presented to it as well as the rulings logically necessary to sustain those conclusions. *Id.* at 79. Thus, in deciding whether claims may be added following remand, the court must analyze the issues "expressly or impliedly

assert a federal substantive due process claim (as opposed to a procedural due process claim) based on a challenge to a police promotional examination process.

5. The grounds upon which a court may deny a motion to amend include unfair prejudice, futility, and undue delay. *Polk,* 849 P.2d at 25.

determined by the appellate court's judgment" and the scope of the appellate court's mandate.[6] *Id.* at 79.

In other Colorado cases involving amendment of complaints subsequent to remand, the court's inquiry is similarly focused on whether amendment will involve relitigation of matters already expressly or impliedly settled by the appellate court. *See Nelson v. Elway,* 971 P.2d 245, 249 (Colo.App.1998) (amendment after remand permissible because elements of the new claim were not identical to those asserted in the original claim, and had not been directly or impliedly decided); *Union Ins. Co. v. Kjeldgaard,* 820 P.2d 1183, 1185 (Colo.App.1991) (insurer could amend its complaint after remand because the appellate mandate, which reversed the trial court judgment on procedural grounds, did not direct entry of judgment or otherwise expressly or impliedly preclude amendment); *Schlink,* 44 Colo. at 201–02, 99 P. at 567 (amendment after remand to reinstate previously withdrawn claims for damages and plead additional matters in support of a preliminary injunction permissible so long as matters already settled by the appellate court were not relitigated).

█ In *Super Valu, Elway, Kjeldgaard,* and *Schlink,* amendment of the claim after remand consolidated the litigation, and served to secure an efficient determination of the actions. All of these cases are distinguishable from the present case because the litigation was ongoing, with substantive issues that still had not been decided by the trial court. For instance, in *Elway,* the plaintiffs appealed judgment entered in favor

of the defendant on less than all of the claims asserted pursuant to C.R.C.P. 54(b). 971 P.2d at 247. Because all of the claims had not been resolved, it was clear the case was not over.[7] Under those circumstances, amendment of the complaint to include a new claim was deemed appropriate.[8] *Id.* at 248. By contrast, in this case, the police officers' claims and the appeals of both the City and the officers had all been decided. The only issue remaining was a determination of costs to be awarded to the officers under section 13–16–111.

█ To determine whether the plaintiff-officers could amend their claims on remand, we examine when litigation may be considered to have terminated and whether the pending issue of determining costs stays the finality of the litigation. Generally, judgment in a case is deemed final when it ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do except to execute the judgment. *Baldwin v. Bright Mortgage Co.,* 757 P.2d 1072, 1073 (Colo.1988). Except where interlocutory review is appropriate, finality of judgment is the general prerequisite for appeal. Once there is a final judgment, motions to amend a complaint may no longer be entertained. *See Fladung v. City of Boulder,* 165 Colo. 244, 247–48, 438 P.2d 688, 690 (1968) (amendment of pleadings may not be requested for the first time on appeal).

Under the Rules of Civil Procedure, costs are handled as a post-judgment matter. C.R.C.P. 58(a) specifically provides that the "[e]ntry of the judgment shall not be delayed

---

6. In *Super Valu,* we upheld amendment after remand as a proper exercise of the trial court's discretion. 906 P.2d at 77. The plaintiff sought to amend its complaint to include a breach of fiduciary duty claim and two Colorado Organized Crime Control Act ("COCCA") claims after the court of appeals had remanded the case for the explicit purpose of holding further proceedings on other COCCA claims. *Id.* at 77–78. Because the COCCA claims at issue had been excluded by the trial court in error, allowing amendment to reincorporate them was appropriate. *Id.* at 78. We also determined that a breach of fiduciary duty claim could be added subsequent to remand because it was not expressly or impliedly precluded by the appellate court's mandate. *Id.* at 78–79.

7. C.R.C.P. 54(b) provides that when more than one claim for relief is presented in an action, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ...." The rule provides an exception to the general requirement that an entire case must be resolved by a final judgment before an appeal is brought. *Elway,* 971 P.2d at 248.

8. Amendment was particularly appropriate under the circumstances of *Elway,* because while the case was pending on appeal, the claim at issue, aiding and abetting a breach of fiduciary duty, was first recognized by a Colorado appellate court. 971 P.2d at 247 (citing *Holmes v. Young,* 885 P.2d 305 (Colo.App.1994)).

for the taxing of costs." In *Driscoll v. Dist. Court*, 870 P.2d 1250, 1252 (Colo.1994), we held that a motion for costs does not stay the finality of the judgment. By its terms, the statute at issue in this case, section 13–16–111, allows for recovery of costs of suit for plaintiffs who prevail in a Rule 106(a)(4) action, only after they have obtained a final judgment or award of execution. § 13–16–111, 5 C.R.S. (2003). A costs remand only allows the trial court to calculate the amount due and order its payment as mandated by the appellate court. This is a post-judgment issue, and accordingly, motions to amend a complaint to add a new claim for relief, essentially starting the litigation anew, are barred.

Our holding is consistent with the purposes of C.R.C.P. 15, and promotes courts' responsibility to ensure the fair, expeditious, and final resolution of claims for relief. Because we hold that, as a matter of law, a party may not amend its complaint to add a new claim for relief after a remand for costs, we do not reach the merits of the respondents' substantive due process claim.

## V. Conclusion

When a case is remanded for an award of costs, as it was here, the prevailing party may not amend its complaint to add a new claim for relief. We therefore reverse the court of appeals' decision in *Carney II*, and remand the case with directions to return it to the trial court for the narrow purpose of awarding costs to the police officers.

Justice MARTINEZ does not participate.

